## SWAN CARBURETOR CO. v. CHRYSLER CORPORATION.

### Nos. 9843, 9844.

Circuit Court of Appeals, Sixth Circuit.

May 22, 1945.

F. O. Richey, of Cleveland, Ohio (B. D. Watts, H. F. Schneider, and Richey & Watts, all of Cleveland, Ohio, on the brief), for Swan Carburetor Co.

Arthur W. Dickey, of Detroit, Mich. (J. King Harness and Arthur W. Dickey, both of Detroit, Mich., on the brief), for Chrysler Corporation.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

In this case each party has filed an appeal, and therefore they will be denominated as in the court below.

The appeals are from an order taxing costs in a patent suit charging infringement of Patents 1,536,044, and 1,636,721, issued to John W. Swan, relating to fuel intake manifolds for internal combustion engines. After full hearing, the bill of complaint was dismissed upon the merits, and this decision was affirmed by this court, 130 F.2d 391, certiorari denied, 317 U.S. 692, 63 S.Ct. 324, 87 L.Ed. 554. From an order taxing costs against the plaintiff in the sum of $9,254.11 the plaintiff appeals. The court disallowed costs incurred by defendant in inter partes tests by both parties of the patented and accused devices; and to this disallowance the defendant has prosecuted an appeal.

The court allowed draftsmen's charges in the amount of $3,035.80, for preparing 33 sheets of drawings and certain large charts; $144 for costs of original drawings of manifolds; $4,713.31 for the cost of manufacture of six manifolds offered in evidence; and $437 for the cost of manufacture of split and windowed manifolds offered in evidence. No order of court was applied for nor issued authorizing any of these expenditures.

The bill of costs was verified by an affidavit executed by an employee of the defendant. No counter affidavit was filed before the court issued the order. While the bill is large, since no countervailing testimony was offered by the plaintiff, we do not discuss plaintiff's contention that the

charges are grossly excessive. The controlling question is the power of the court to include these items in the taxable costs.

Title 28 U.S.C. § 830, 28 U.S.C.A. § 830, provides for the inclusion in taxable costs of "lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party * * *."

Costs have been allowed in patent cases for the preparation of drawings and charts, as set forth in the items totalling $3,035.80 and $144 respectively, upon the theory that these costs are analogous to those covered by the statute. Reinharts, Inc., v. Caterpillar Tractor Corporation, 9 Cir., 99 F.2d 648; Appliance Investment Co. v. Western Electric Co., 2 Cir., 61 F.2d 752. In view of this authority, we hold that the allowance of the cost of the charts and drawings was not improper.

The District Court considered that a model should not be treated differently from drawings and charts, and so allowed costs of models and machines. The plaintiff contends that as costs of this kind are not specifically authorized by the statute, under the equity powers of the court they must be justified, if at all, by the existence of exceptional circumstances within the doctrine of Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. In that case the litigant in a class suit had established substantial rights for a group of depositors in a bank, not parties to the suit, and costs had been allowed for counsel fees and expense of litigation, to be paid out of earmarked funds in the insolvent bank. The Supreme Court emphasized the fact that the petitioner was enforcing the fiduciary obligation of the bank, and sustained the allowance made by the District Court, pointing out that "such allowances are appropriate only in exceptional cases and for dominating reasons of justice." The defendant claims that the exceptional circumstances which require allowance of these expenditures are that plaintiff made tests of the patented and accused manifolds and compelled the defendant to incur large costs in building manifolds of the prior art to maintain its contention that its accused devices were based upon the prior art and not upon Swan. The defendant says that the plaintiff chose to make its case in considerable part by running comparative tests in which the patented manifolds and prior adjudicated manifolds equipped with heating devices like those utilized by the accused manifolds were applied to engines and operated in comparison with the accused manifolds. It admits that the result of these tests disclosed that the operation of the patented manifolds and the accused manifolds was substantially the same, but says that the plaintiff omitted similar tests of comparison with the prior art with which it was familiar. Therefore, the defendant says, it was compelled to construct prior art manifolds, to adapt them to its own devices and incorporate in them the prior art heating devices such as are used in the defendant's accused manifolds, and to apply them to the defendant's engines and operate them in the same manner that the plaintiff had operated them in carrying out its tests. The District Court in effect held that the expense of building these machines was made necessary by the plaintiff's election to establish its case by functional and physical comparisons and that therefore the plaintiff should bear the cost of these constructions.

We do not agree with the plaintiff's argument that these constructions were not material, for they helped to establish the defense in the District Court and in this court. The defendant urges, and the District Court found, that these machines were necessary to the understanding of the case. However, defendant's contention, which apparently influenced the District Court, that it was compelled to answer and amplify the tests of the plaintiff, has no merit as a ground for the allowance of these particular costs. In any litigated case the court needs to hear the defendant's evidence. The fact that it is enlightened by the presentation of certain evidence is not in and of itself alone such an exceptional circumstance as to authorize the taxation in the costs of the expense of procuring that evidence. In any trial it is the defendant's obligation to present its side of the controversy, and it is not the plaintiff's obligation to establish the defendant's theory of the case. Since it was defendant's claim that the accused devices followed the prior art, it had to prove this fact, and under our jurisprudence, the cost of establishing its case, except for taxable costs provided by statute, or costs authorized under the general equity powers of the court, rests upon the prevailing as well as the losing party.

These considerations support the finding of the District Court that in this

case there are no exceptional circumstances, and that dominating reasons of justice do not call for extraordinary allowances. There was no evidence of bad faith. We think that the exceptional circumstances adverted to in Sprague v. Ticonic National Bank, supra, which justify exceptional allowances, not authorized by statute, are such as exist in the case of fraud, oppression, or bad faith, cases of fiduciary relationship or those in which the prevailing party has helped to create the fund upon which the costs are charged. No such circumstances exist here. It was error, therefore, to allow costs to be taxed for the expense of manufacturing models and machines. These costs are not authorized by statute, and are not permitted in any adjudicated case. Cornelly v. Markwald, C.C. N.Y., 24 F. 187; Hussey v. Bradley, 12 Fed. Cas. p. 1059, No. 6,946a; T. H. Symington & Son, Inc., v. Symington Co., D.C., 12 F.Supp. 391, 394. In the last decision the court correctly pointed out that in most patent controversies involving mechanical structures, physical models are of great assistance to the court, but after all, they are "essentially explanatory and argumentative and in that respect merely aids to the argument of counsel and the explanations of expert witnesses." There, as here, no order of the court was obtained to authorize the making of the models in question. In each case there was no notice that the expensive models and machines were being made, so that there was no opportunity to protest or to inspect the construction.

The District Court disallowed the fees and expenses incurred in plaintiff's and defendant's inter partes tests, upon the ground that this case did not justify such extraordinary allowances. Defendant's cross-appeal attacks this disallowance, and is based upon the contentions set forth previously, namely, that it was compelled to incur these expenditures by the type of plaintiff's proof. For the reasons given above, we think that the District Court correctly disallowed these items.

The cross-appeal is dismissed. The order on the appeal,. so far as it allows the expense of charts and drawings, is affirmed; so far as it allows the cost of manufacture of manifolds and of split and windowed manifolds, it is reversed.

The case is remanded to the District Court for further proceedings in accordance with this opinion.