Louis M. KOHUS, Plaintiff–Appellant,

v.

Cosco, Inc., TOYS "R" US, INC. (doing business as Toys "R" Us and Babies "R" Us), R&R Resale, Inc. (doing business as Once Upon a Child), and the William Carter Company, Defendants–Appellees.

No. 01–1358.

United States Court of Appeals, Federal Circuit.

DECIDED: March 13, 2002.

Eric W. Richardson, Vorys, Sater, Seymour and Pease LLP, of Cincinnati, OH, argued for plaintiff-appellant.

Paul B. Hunt, Barnes & Thornburg, of Indianapolis, IN, argued for defendants-appellees. With him on the brief was Andrew B. Dzeguze.

Before MAYER, Chief Judge, DYK and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST. Dissenting opinion filed by Circuit Judge DYK.

PROST, Circuit Judge.

Louis M. Kohus ("Kohus") sued Cosco, Inc., Toys "R" Us, Inc. and R&R Resale, Inc. (collectively "defendants") in the Southern District of Ohio for patent in-

fringement and unjust enrichment.[1] After the district court granted summary judgment of noninfringement and we affirmed without opinion, see Kohus v. Cosco, Inc., 250 F.3d 758 (Fed.Cir.2000) (per curiam), the defendants sought to recover their costs from Kohus. The district court awarded defendants $975.90 for costs related to two depositions and $12,950.00 for a video exhibit. Kohus appeals the award of costs for the video exhibit. Because the district court erred by making this award, we reverse.

## BACKGROUND

Kohus is the owner and named inventor of U.S. Patent No. 4,688,280 ("the '280 patent") entitled "Foldable Playpen Assembly With Ease of Portability." The patent generally concerns a portable playpen with a foldable frame. On October 28, 1997, Kohus sued Cosco, Inc. for patent infringement and unjust enrichment, adding Toys "R" Us, Inc. and R&R Resale, Inc. as defendants on June 24, 1998. Kohus alleged that defendant Cosco, Inc. manufactured and sold a line of infant "Zip 'N Go" playyards that infringed the '280 patent. The other defendants sold these playyards.

On May 4, 1999, the defendants filed a motion for summary judgment of noninfringement. The motion relied on the report of an engineering expert which referred to and included a "video model comprising the structure, function and operation of the device disclosed in the '280 patent and the Cosco Zip 'N Go." Defendants characterize this exhibit as an "animated video demonstrating the various features and limitation [sic] of the patent in suit as compared with the accused devices," created out of necessity because Kohus never reduced to practice an embodiment of the '280 patent. Kohus filed an opposition to the motion for summary judgment on June 22, 1999, disputing the accuracy of the video's depiction of the '280 playpen and the accused playyards.

On August 17, 1999, the district court granted defendants' motion for summary judgment of noninfringement. Kohus v. Cosco, Inc., No. C–1–97–968 (S.D.Ohio Aug. 17, 1999). In its Memorandum and Order, the district court construed the claim term "frame member" in accordance with defendants' proposed construction and, based on the parties' undisputed description of the accused playyards, the court concluded that the playyards could not satisfy that element of claim 1, either literally or under the doctrine of equivalents. Kohus appealed the district court's summary judgment of noninfringement, which a panel of this court affirmed on June 15, 2000. Kohus v. Cosco, Inc., 250 F.3d 758 (Fed.Cir.2000) (per curiam).

Defendants then filed a bill of costs on June 29, 2000, seeking $7,194.59 in court reporter fees for deposition transcripts; $2,781.25 for exemplification and copies of papers; and $14,155.78 for exhibits.[2] On February 7, 2001, the Clerk of the Court issued a Clerk's Memorandum On Costs, awarding defendants $6,479.44 for court reporter fees but disallowing the remaining costs because she could not determine whether they were necessary to the disposition of the case. Both Kohus and defen-

---

1. Cosco, Inc. ceased to exist as of July 2, 2001, when it combined with another company to form Dorel Juvenile Group, Inc. Kohus also sued The William Carter Company and fifty John Doe defendants who are not parties to this appeal.

2. According to an affidavit executed by defendants' counsel, defendants' request for $14,155.78 was comprised of $12,950.00 for the video exhibit, $553.70 for drawings, $88.23 for photographs, and $563.85 for photocopies of exhibits.

dants moved for review of the Clerk's Memorandum.[3]

On April 12, 2001, the district court issued a Memorandum and Order reducing the award for deposition costs to $975.90 and awarding $12,950.00 for the video exhibit. *Kohus v. Cosco, Inc.*, No. C–1–97–968 (S.D.Ohio Apr. 12, 2001). As an initial matter, the district court rejected Kohus' argument that fees were inappropriate because the case was close and difficult, explaining that "[t]he Court granted Defendants' motion for summary judgment on the first basis asserted by Defendants, the construction of the claim language. The Court was not required to examine the evidence.... The disposition was easily achieved by the Court, [sic] Defendants are entitled to recover costs to the extent they are otherwise appropriate." *Id.* at p. 3.

With respect to the award of $12,950.00, the court noted that "necessity is the essential criterion" for determining whether defendants are entitled to their costs for copying and exhibits, and that defendants "have attempted to demonstrate necessity only with respect to a video exhibit depicting the accused device." *Id.* at p. 5. The court then stated:

> Defendants relied upon that exhibit in making their motion for summary judgment, and the Court would have considered it in ruling on the motion for summary judgment had it not disposed of this action on the basis of claim language construction. The Court concludes that the exhibit was necessary and that the costs related to the exhibit, which equal $12,950.00, should be awarded.

*Id.* Kohus appeals the award of $12,950.00 for the video exhibit. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We apply the law of the regional circuit in reviewing purely procedural issues not pertaining to patent law. *See, e.g., Electro Scientific Indus., Inc. v. Gen. Scanning Inc.*, 247 F.3d 1341, 1349, 58 USPQ2d 1498, 1503 (Fed.Cir.2001). Pursuant to Sixth Circuit precedent, we review a costs award for an abuse of discretion. *White & White v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184, 37 USPQ2d 1707, 1712 (Fed.Cir.1996). We review *de novo* issues of statutory interpretation. *Walker v. Bain*, 257 F.3d 660, 666 (6th Cir.2001).

A district court's authority to award costs derives from Federal Rule of Civil Procedure 54(d), which states: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Rule 54(d) creates "a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White*, 786 F.2d at 729.

"Costs" are defined by statute as follows:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for ex-

---

**3.** Defendants' motion did not seek review of the Clerk's denial of costs for the drawings, photographs and photocopies of exhibits.

emplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (1994). Section 1920 does not explicitly authorize an award of costs for an animated video exhibit. However, subsection (4) above allows a district court to award costs for exemplification and copies of papers necessarily obtained for use in the case. The parties dispute whether a video animation is encompassed by subsection (4), an issue that the Sixth Circuit has not yet addressed.[4]

Kohus argues that absent any authority for awarding costs for the video, the district court abused its discretion by making the award. Relying on *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), Kohus contends that a district court cannot award costs beyond those specified by section 1920. Kohus urges us to follow the Eleventh Circuit's decision in *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, denying costs for a computer animation based on the *Crawford Fitting* case and the Black's Law Dictionary definition of exemplification as "an official transcript of a public record, authenticated as a true copy for use as evidence." 249 F.3d 1293 (11th Cir.2001); *Black's Law Dictionary* 593 (7th ed. 1999). Kohus also relies on *Swan Carburetor Co. v. Chrysler Corp.*,

wherein the Sixth Circuit awarded costs for charts and drawings, but not for physical models. 149 F.2d 476 (6th Cir.1945). Kohus equates the physical models in *Swan* to the video exhibit in this case, characterizing the exhibit as a video model. Finally, Kohus contends that even if costs could be awarded for video models, the video in this case was not "necessarily obtained for use in the case" because the same information could have been conveyed through the patent's figures, samples of the accused playyards, and expert testimony.

In response, the defendants argue that exemplification should be broadly construed to effectively include all kinds of demonstrative evidence, in accordance with the Seventh Circuit's expansive application of section 1920. *See, e.g., EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227 (7th Cir.1980) (awarding costs for a statistical analysis); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir.2000) (awarding costs for audio-visual equipment used to display evidence to the jury, based in part on the Webster's Dictionary definition of exemplification as the act of illustration by example). Defendants also argue that absent any authority prohibiting an award of costs, the district court could not have abused its discretion. Finally, defendants contend that the video was necessary to the case because it was the only way to explain the operation of the playpen described by the '280 patent, given that Kohus never built an embodiment described by the patent.[5]

---

**4.** When a circuit has not addressed an issue, we must "determine how that circuit would likely resolve the issue; the precedent of other circuits is instructive in that consideration." *In re Indep. Serv. Orgs. Antitrust Litig.*, 203 F.3d 1322, 1328, 53 USPQ2d 1852, 1857 (Fed.Cir.2000).

**5.** We do not need to reach the issue of necessity in this case. However, we note the statement in *Radol v. Thomas* that the district

court "disallows costs for anything under this category [section 1920(4)] except for documents which were *used and admitted into evidence*." 113 F.R.D. 172, 175 (S.D.Ohio 1986) (emphasis added). The Seventh Circuit cases relied on by defendants dealt with a statistical analysis and equipment actually used at trial—unlike the video in this case, which was not considered by the court in reaching summary judgment.

## I

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford Fitting,* 482 U.S. at 440, 107 S.Ct. 2494. In *Crawford Fitting,* the Court addressed the particular issue of whether a district court could award expert witness fees under 28 U.S.C. § 1920(3) in excess of those specified by 28 U.S.C. § 1821(b).[6] The Court concluded that while Rule 54(d) and section 1920(3) gave the district court discretion to award expert witness fees, section 1821 limited the *amount* that could be awarded. *Id.* at 441, 107 S.Ct. 2494. "[W]hen Congress meant to set a limit on fees, it knew how to do so.... The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id.* at 442, 107 S.Ct. 2494. The Court held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445, 107 S.Ct. 2494. Thus, the Court found that the trial judge did not have the discretion to award expert witness fees, such as the expert's hourly rate, beyond those specified by section 1821.

▬ In accordance with *Crawford Fitting,* the district court in this case was limited to awarding those costs specified by 28 U.S.C. § 1920. The only provision of section 1920 that could arguably apply to defendants' video exhibit is subsection (4) regarding "exemplification and copies of papers." A video obviously is not a copy of paper. Nor is it an exemplifica-

tion when that term is given its legal definition of "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." *Black's Law Dictionary* 593 (7th ed. 1999). We reject defendants' contention that "exemplification" should be construed broadly to encompass the video exhibit in this case. No Sixth Circuit precedent supports such an expansive interpretation of the term. In addition, Congress did not use the broad phrase "demonstrative evidence" in section 1920, and we are clearly bound not to exceed the limits of this statute. *See Crawford Fitting,* 482 U.S. at 445, 107 S.Ct. 2494. Thus, because the video exhibit in this case is not an exemplification, the district court had no statutory authority to award costs for the video. The district court erred by taxing the cost of the video to Kohus.

## II

While the Sixth Circuit has not had occasion to consider whether a video model or animation constitutes an exemplification under section 1920, that court has considered drawings, charts and physical models, all of which share the common purpose of being demonstrative evidence. *See Swan Carburetor Co. v. Chrysler Corp.,* 149 F.2d 476 (6th Cir.1945).

In *Swan,* the district court awarded costs for drawings, charts and physical models. The Sixth Circuit affirmed the award with respect to drawings and charts because "[c]osts have been allowed in patent cases for the preparation of drawings and charts ... upon the theory that these costs are analogous to those covered by

---

**6.** Section 1821 currently permits a $40 per day witness fee for attendance at trial, plus

certain travel and subsistence fees.

the statute." *Id.* at 477.[7] Relying on cases from the Second and Ninth Circuits, the Sixth Circuit held "that the allowance of the cost of the charts and drawings was not improper." *Id.* With respect to the models, the district court reasoned that these should not be treated any differently than the charts and drawings. The Sixth Circuit disagreed, however, stating that it was error "to allow costs to be taxed for the expense of manufacturing models and machines. These costs are not authorized by statute, and are not permitted in any adjudicated case." *Id.* at 478.

Kohus argues that the video exhibit is a video model that should be treated like the physical models in the *Swan* case, whereas defendants argue that the video is an animation that should be treated like the drawings and charts.[8] Notably, *Swan* was decided before the *Crawford Fitting* case, so the Sixth Circuit did not have the benefit of the Supreme Court's guidance that costs are restricted to only those specified by statute. Nevertheless, to the extent *Swan* is precedential authority, it provides an additional basis for reversing the district court's award because the video exhibit is no different than the physical models at issue in *Swan.*

The defendants in *Swan* manufactured models of prior art manifolds for the purpose of showing how the accused manifolds were merely practicing the prior art. The Sixth Circuit noted that "in most patent controversies involving mechanical structures, physical models are of great assis-tance to the court, but after all, they are 'essentially explanatory and argumentative and in that respect merely aids to the argument of counsel and the explanations of expert witnesses.'" *Swan,* 149 F.2d at 478. The video exhibit in this case serves this same purpose. Defendants relied on the video "to clearly focus the court's attention on what Cosco viewed as the critical distinctions between the language of the claims and the accused playyards." According to defendants, the video exhibit was created because the '280 playpen was never reduced to practice and "[u]sing animation permitted Cosco to produce that [playpen] without having to create a physical model." Notably, defendants' own expert repeatedly calls the exhibit a "video model" in the report submitted to the court with defendants' motion for summary judgment. Thus, because the video is a substitute for a physical model and was created as an aid to the argument of counsel and the explanations of defendants' expert witness, *Swan* indicates that the Sixth Circuit would not permit an award of costs for the video.

While we are not bound in this case by the rulings of circuit courts other than the Sixth Circuit, we note that our conclusion is consistent with the Eleventh Circuit's reasoned decision that a computer animation is not an exemplification. *See Arcadian Fertilizer,* 249 F.3d at 1297. The Eleventh Circuit, like the Sixth Circuit in *Swan,* distinguished between paper exhibits and models by awarding costs for color photographs and oversized documents,

---

**7.** In this case, the court is referring to 28 U.S.C. § 830, not section 1920. Section 830, a predecessor to section 1920, provided for "lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party." *Swan,* 149 F.2d at 477.

**8.** Defendants initially requested costs for the video model *as well as* for drawings and pho-tographs, all of which were denied by the Clerk. Defendants then abandoned their request for costs for the drawings and photographs while pursuing costs for the video. In addition, defendants' form bill of costs listed the video in an "other costs" category—not in the category of "exemplification and copies of papers necessarily obtained for use in the case."

while denying costs for the computer animation. The Eleventh Circuit interpreted " 'copies of paper' to mean reproductions involving paper in its various forms, and conclude[d] that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error." *Id.* at 1296.

## CONCLUSION

For the foregoing reasons, the decision of the district court awarding defendants costs of $12,950.00 for the video exhibit is *REVERSED.*

DYK, Circuit Judge, dissenting.

I quite agree with the majority that the statutory provision allowing "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," 28 U.S.C. § 1920(4) (2000), should not be construed to allow recovery of the costs of documents that do not fall within the traditional definition of exemplification, that is, "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." *Black's Law Dictionary* 593 (7th ed. 1999). I disagree, however, that a "video obviously is not a copy of paper." If we were dealing with the costs of copying or securing official authentication of a video, I think those costs would be within the statute. There must be some room to construe language carried over from an 1853 statute to include after-invented technology.

This case, however, does not involve copying or authentication costs, but the costs of preparing the original video. Those costs do not, I think, fall within the statute. My problem is that we are obligated to follow Sixth Circuit authority, and it is clear to me that existing Sixth Circuit authority would allow the costs of preparing this video.

The sole authority in the Sixth Circuit is *Swan Carburetor Co. v. Chrysler Corp.,*

149 F.2d 476 (6th Cir.1945). As the majority recognizes, that case allowed the costs of "charts and drawings," while holding that the costs of a physical model were not authorized by the statute and could not be recovered under the equity rule of *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). The majority here finds that the video is like a model "because the video is a substitute for a physical model and was created as an aid to the argument of counsel and the explanations of defendants' expert witness, [and therefore] *Swan* indicates that the Sixth Circuit would not permit an award of costs for the video." *Ante* at 1361.

In order to understand *Swan,* we must look to the Second and Ninth Circuit cases on which it relies. *See generally Oregon v. Kennedy,* 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (examining the cases cited in the Court of Appeals' opinion in order to understand the basis for its decision). In the Ninth Circuit case, *Reinharts, Inc. v. Caterpillar Tractor Co.,* 99 F.2d 648, 649 (9th Cir.1938), the court allowed costs for "elaborate illustrative charts" relying on the same Second Circuit case on which *Swan* itself relied, *Appliance Investment Co. v. Western Electric Co.,* 61 F.2d 752 (2d Cir.1932). In *Appliance,* the Second Circuit held:

In the bill of costs allowed, an item of $1,080.23 was included for expense incurred in providing simplified drawings for use in making more clear at the trial the drawings of patents having a bearing on the issues.... This *expense is in the same category with that for motion pictures and photographs* of small cutting tools allowed in *Victor Talking Machine Co. v. Starr Piano Co.,* 281 F. 60, 66 [2d Cir.1922], and *fairly falls within the statute* under fees for "copies of papers necessarily obtained for use on [sic] trials."[9]

---

**9.** Former provisions of the statute, codified at   28 U.S.C. § 830 (1926), required that the ex-

*Id.* at 756–57 (emphases added). The video here is indistinguishable from the costs allowed in *Appliance:* (1) it was designed to "mak[e] more clear at the trial the drawings of [the] patents;" (2) it was "in the same category with ... motion pictures and photographs;" and (3) it was not a physical model. I think it unlikely that the Sixth Circuit would distinguish between motion pictures and videos. Thus, the Sixth Circuit's decision in *Swan* would allow the costs of the video, and so should we.

emplifications and copies of paper were "necessarily obtained for use on [sic] trials" instead of the present language which requires that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2000).