NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1483

JON E. KINZENBAW and KINZE MANUFACTURING, INC.,

Plaintiff/Counterclaim Defendants-
Appellants,

and

JAMES J. HILL and EMRICH & DITHMAR,

Counterclaim Defendants,

v.

CASE LLC (formerly known as Case Corporation,
now known as CNH America LLC) and NEW HOLLAND NORTH AMERICA, INC.
(now known as CNH America LLC),

Defendants / Counterclaimants-
Appellees.

———————————————

DECIDED: April 26, 2006

———————————————

Before SCHALL, BRYSON, and DYK, Circuit Judges.

SCHALL, Circuit Judge.

DECISION

Jon E. Kinzenbaw and Kinze Manufacturing, Inc. (collectively "Kinze") appeal

from the order of the United States District Court for the Northern District of Iowa

awarding costs to Case LLC and New Holland North America, Inc. (collectively "Case") in the amount of $303,826.12. <u>Kinzenbaw v. Case, LLC</u>, No. C01-133-LRR, slip op. (N.D. Iowa July 14, 2005) ("<u>Costs Decision</u>"). Because we conclude that the district court erred with respect to some of the costs that it awarded, we <u>affirm-in-part</u> and <u>reverse-in-part</u>.

DISCUSSION

I.

Kinze sued Case in the Northern District of Iowa alleging infringement of claims 1, 2, 3, 9, and 22 United States Patent No. 4,721,168 (the "'168 patent"). In its answer, Case counterclaimed for a declaratory judgment of noninfringement and invalidity with respect to all five claims. In <u>Kinzenbaw v. Case, LLC</u>, Nos. 05-1269, 05-1270, decided today, we affirm the district court's judgments of noninfringement and non-invalidity.

Case filed a Bill of Costs with the Clerk of Court seeking $320,458.49 in costs. Kinze's reply challenged almost all of the costs that Case sought to recover. In response, Case agreed to reduce the amount and type of certain costs, and Case filed an amended Bill of Costs seeking $309,800.22. Kinze again objected to most of the costs in the amended Bill of Costs, but the Clerk of Court awarded the costs set forth in the amended Bill of Costs to Case. Kinze then filed a Motion to Vacate the Clerk of Court's taxation of costs. In due course, the district court ruled that Case was entitled to $303,826.12.[1] The following table sets forth the costs allowed by the district court, the

---

[1] The district court reduced the amount of costs for producing copies of exhibits for trial by $5,929.60 because that amount was attributable to the cost of document production, which the court denied as not recoverable under 28 U.S.C. § 1920(4). <u>Costs Decision</u>, slip op. at 10 n.5. The district court also reduced the amount awarded for deposition transcripts by $44.00.

amount of costs that Kinze does not challenge, and the amount to which we hold Case is entitled.

| Disputed Cost | Amount Allowed by the District Court | Amount Not Disputed by Kinze | Amount Allowed by the Federal Circuit |
|---|---|---|---|
| Fees for Exemplifications and Copies of Papers | | | |
| Trial Consulting Service | $156,122.38 | $0.00 | $0.00 |
| Video of Prior Art | $10,892.59 | $0.00 | $0.00 |
| Renting Prior Art Devices | $5,550.00 | $0.00 | $0.00 |
| Physical Models | $86,195.38 | $0.00 | $0.00 |
| Trial Boards | $3,359.50 | $0.00 | $0.00 |
| Copies of Exhibits | $6,924.98 | $0.00 | $6,924.98 |
| Undisputed costs | $10,174.54 | $10,174.54 | $10,174.54 |
| Exemplification Totals | $279,219.37 | $10,174.54 | $17,099.52 |

| Witness Fees | | | |
|---|---|---|---|
| Witness Fees | $8,892.75 | $2,742.00 | $8,892.75 |

| Deposition Transcripts | | | |
|---|---|---|---|
| Ingemar Anderson | $346.00 | $0.00 | $346.00 |
| Kregg Raducha | $346.00 | $0.00 | $346.00 |
| John R. Carlson | $156.50 | $136.50 | $136.50 |
| Edward Caulfield | $856.80 | $777.60 | $807.60 |
| Harry Manbeck | $232.75 | $194.50 | $217.00 |
| Dr. Allyn Strickland | $742.25 | $696.50 | $726.50 |
| Harry Deckler (8/18/04) | $1,479.00 | $944.00 | $1,445.00 |
| Creighton Hoffman | $1,413.00 | $748.00 | $1,403.00 |
| Jon O. Nelson | $638.50 | $372.75 | $613.00 |
| Harry Deckler (10/24/03) | $597.50 | $199.50 | $199.50 |
| Jon E. Kinzenbaw (10/23/03) | $1,386.00 | $200.00 | $1,380.00 |
| Undisputed costs | $671.60 | $671.60 | $671.60 |
| Depo Transcript Totals | $8,865.90[2] | $4,940.95 | $8,291.70 |

| Trial Transcripts | | | |
|---|---|---|---|
| Realtime Trial Transcripts | $6,828.60 | $0.00 | $6,828.60 |

| Docket Fee | | | |
|---|---|---|---|
| Docket Fee (undisputed) | $20.00 | $20.00 | $20.00 |

| Overall Totals | $303,826.12 | $17,877.49 | $41,132.57 |

---

[2] It appears that the deposition transcript amounts used by the parties total $0.50 more than the amount taxed by the district court. For simplicity, we will use the deposition transcript amounts provided by Kinze.

II.

"Although a district court's award of costs under Federal Rule of Civil Procedure 54(d)(1) is reviewed for abuse of discretion, the court's discretion is limited to awarding costs that are within the scope of 28 U.S.C. § 1920." Summit Tech., Inc. v. Nidek Co., 435 F.3d 1371, 1374 (Fed. Cir. 2006) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987)). Whether a particular expense is within the scope of section 1920 is subject to de novo review because it is an issue of statutory construction. Summit Tech., 435 F.3d at 1374. Section 1920 grants the district court the authority to tax as costs any of the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923];
> . . .

As was the case in Summit Technology and Kohus v. Cosco, Inc., 282 F.3d 1355 (Fed. Cir. 2002), our interpretation of section 1920 is governed by the law of the regional circuit, which is the Eighth Circuit in this case.

Kinze asserts on appeal that the district court abused its discretion by awarding any costs to Case because Case is not a "prevailing party" within the meaning of Federal Rule of Civil Procedure 54(d)(1).[3] Kinze contends that even though it failed in its claim for patent infringement, because Case also failed in its counterclaim for a declaration of invalidity of the '168 patent, neither party is a "prevailing party."

The district court was correct to find that Case was the "prevailing party." In Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., "Dutailier accused Brooks of infringing its patent and demanded that Brooks cease producing the accused chairs." 393 F.3d 1378, 1381 (Fed. Cir. 2005). Brooks brought a declaratory judgment action asserting invalidity and noninfringement. Id. The court granted summary judgment of noninfringement and awarded Brooks attorney's fees. Id. at 1380. Detailier argued that Brooks was not a prevailing party because "many of Brooks' claims were dismissed by stipulation, and that the Dutailier patent remained valid." Id.

We explained that "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." Id. (citing Tex. State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 789 (1989) (quoting Hensley v. Eckerhart, 461 U.S.

---

[3] Rule 54(d)(1) provides in relevant part:
Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . .

Fed. R. Civ. P. 54(d)(1) (emphasis added).

424, 433 (1983))). Accordingly, we held that Brooks was the prevailing party. Id. We reasoned,

> Brooks brought this declaratory action to preserve its position, and succeeded in doing so. Brooks raised several defenses to the charge of patent infringement, any of which would have achieved Brooks' goal. Thus when Brooks established its non-infringement of the Dutailier patent, it prevailed in the litigation. That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in Brooks' favor.

Id.

Kinze's objective in bringing this litigation was to obtain a verdict of patent infringement. It did not obtain that verdict, even though its patent was ruled not invalid. Case's objective, however, was to avoid liability, and it achieved exactly that. Employing the functional analysis described in Brooks Furniture, we hold that Case was the "prevailing party" within the meaning of Rule 54(d)(1). We turn now to the various costs at issue.

IV.

As seen from the table above, $279,219.37 of the costs allowed by the district court arose from fees asserted for exemplifications and from copying costs, with the largest of the allowed costs being for exemplifications. Section 1920(4) permits costs to be awarded for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

There exists a circuit split concerning the meaning of the word "exemplification," as used in section 1920(4). As we explained in Summit Technology, the Seventh Circuit "has adopted a broad[ ] definition of exemplification, taken from standard English language dictionaries." 435 F.3d at 1377 (citing Cefalu v. Vill. of Elk Grove, 211 F.3d

416, 427 (7th Cir. 2000) (interpreting "exemplification" to "signif[y] the act of illustration by example, a connotation broad enough to include a wide variety of exhibits and demonstrative aids"); Schering Corp. v. Amgen, Inc., 198 F.R.D. 422, 428 (D. Del. 2001) (holding that, in considering whether a video exhibit is taxable under section 1920(4), "the standard the court will apply to direct its discretion is whether the video materially aided [the judge's] understanding of the technological issues in the case")).

Other circuits, however, employ the "narrow" definition of "exemplification" that is set forth in Black's Law Dictionary, which defines exemplification as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." Summit Tech., 435 F.3d at 1375 (citing Kohus, 282 F.3d at 1355 (quoting Black's Law Dictionary 593 (7th ed. 1999))). For example, the Eleventh Circuit explained in Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc., 249 F.3d 1293, 1296-97 (11th Cir. 2001), that "[b]ecause the videotape exhibits and the computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4), . . . taxing these costs was error." The Fifth Circuit followed a similar approached in Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993), where the court reviewed a request for recovery of travel expenses and enlargements related to trial exhibits and held that "these expenses [we]re not included in § 1920 and therefore are not recoverable."

When Summit Technology and Kohus were decided, neither the First Circuit nor the Sixth Circuit had resolved the issue of whether to follow the narrow or broad interpretation of "exemplification." Consequently, in each case, the Federal Circuit had to decide how that regional circuit would likely resolve the issue. Summit Tech., 435 F.3d at 1375. In Kohus, we held that the Sixth Circuit's decision in Swan Carburetor

Co. v. Chrysler Corp., 149 F.2d 476 (6th Cir. 1945), supported a narrow interpretation of the statute with respect to trial exhibits. We therefore determined that the Sixth Circuit would likely follow the definition in Black's Law Dictionary and exclude video animations from the scope of section 1920(4). 282 F.3d at 1359-61. We reached a similar conclusion in Summit Technology, in which we held that the First Circuit would likely also follow the narrow interpretation of "exemplification." 435 F.3d at 1377-78. Accordingly, we disallowed fees paid to a consulting company that assisted the prevailing party "in preparing trial exhibits, including computer animations, videos, Powerpoint presentations, and graphic illustrations." Id. at 1374-75.

Counsel has not brought to our attention, and we have been unable to find, a decision suggesting whether the Eighth Circuit would follow the broad or narrow interpretation of "exemplification." Under these circumstances, we conclude that Summit Technology counsels in favor of following the narrow approach in this case. Summit Technology quoted approvingly from Moore's Federal Practice for the proposition that "a video exhibit or a physical model may not qualify as an 'exemplification' if it is essentially explanatory and argumentative, serving merely as an aid to the argument of counsel and the explanations of expert witnesses." 435 F.3d at 1377.

Summit Technology also addressed how transcripts and the services surrounding their production should be treated under section 1920(2). Id. at 1380-81. The court explained that under First Circuit law, "if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." 435 F.3d at 1380 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985)).

However, "convenience services, such as expedited transcripts and video services, [are] not within the scope of section 1920(2). See, e.g., Paul N. Howard Co. v. P.R. Aqueduct & Sewer Auth., 110 F.R.D. 78, 81 (D.P.R. 1986) (citing cases from various circuit and district courts)." Id. This approach is not inconsistent with the Eighth Circuit's approach. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not 'purely investigative.'") (internal quotation marks omitted); see also Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995) (upholding the district court's taxing of costs under section 1920(2) with respect to a deposition transcript that was not introduced at trial because it was "not shown that the deposition was purely investigative" or that the transcript was obtained "for reasons other than trial preparation"); McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985) ("Before awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case.").

V.

Applying the narrow interpretation of "exemplification," the award of costs in the amount of $156,122.38 that Case paid a trial consulting service, Trial Graphix, Inc., to prepare, manage, and present exhibits and graphics presentations at trial is reversed. These services are similar to the costs rejected in Summit Technology, where a consulting firm "assisted Nidek's counsel in preparing trial exhibits, including computer animations, videos, Powerpoint presentations, and graphic illustrations." 435 F.3d at

1375. This cost seems to be far outside the scope of "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." Id.

We also reverse the award of costs for demonstrative videos ($10,892.59) and the costs for renting and transporting two prior art machines that were the subject of the demonstrative videos ($5,550.00). Video production costs were consistently excluded in the cases discussed above, and the actual machines are even more removed. See, e.g., Arcadian Fertilizer, 249 F.3d at 1296-97 ("Because the videotape exhibits and the computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4), . . . taxing these costs was error."); Summit Tech., 435 F.3d at 1375. The demonstrative physical models ($86,195.38) and trial boards ($3,359.50) seem to be functionally similar to video presentations and animation. Although these models of the planters at issue, charts, photographs, illustrations, and similar graphic aids were likely of significant importance to the judge and jury, videos and animation can be equally important. Because physical models and trial boards do not seem to plausibly fit within the narrow definition of "exemplification" as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence," id., the award of these costs too is reversed.

Kinze also challenges the taxing of $6,924.98 for copying of trial exhibits. While Kinze acknowledges that photocopying charges of this nature are not excluded by case law or statute, Kinze argues that Case's Bill of Costs failed to sufficiently describe the nature or use of the photocopied documents. Kinze reasoned that without sufficient information, the court could not have distinguished copies "necessarily obtained" for use in the case from other copies. See In re San Juan DuPont Plaza Hotel Fire Litig., 142

F.R.D. 41, 47 (D.P.R. 1992) ("Although it is clear that there are instances where photocopying charges are properly taxable, defendant has failed to provide sufficient detail of this cost in its filing for a factual determination to be made, thereby, warranting outright denial of reimbursement for these costs."). Case responds by pointing to the invoices in the record. Given that these types of costs are within the scope of section 1920(4), we review the district court's award of these costs for abuse of discretion. Summit Tech., 435 F.3d at 1374. Because the documentation seems to be reasonably consistent with documentation ordinarily accompanying a commercial photocopying order, we think the district court acted within its discretion by allowing these costs.

Of the $8,892.75 taxed by the district court for witness fees, Kinze challenges $6,150.75, which corresponds to all witness travel expenses. Similar to its challenge of the costs for the copying of trial exhibits, Kinze attacked the sufficiency of Case's documentation for such expenses, as opposed to the legal permissibility of such costs under section 1920(3). For its part, Case asserts that the invoices provided constitute sufficient "evidence of actual costs" under 28 U.S.C. § 1821(c)(1).[4] We agree. After reviewing the documentation provided by Case, we hold that the district court acted within its discretion in awarding Case the amount of these disputed travel expenses.

---

[4]    28 U.S.C. § 1821(c)(1) provides:

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other *evidence of actual cost* shall be furnished.

(emphasis added).

Of the $8,865.40 taxed by the district court related to deposition transcripts, Kinze asserts that $3,924.45 was improperly taxed. Concerning the fees associated with the deposition transcripts of Ingemar Anderson ($346.00) and Kregg Raducha ($346.00), Kinze argues that these costs were either delivery fees or convenience fees associated with expedited delivery. We hold that the district court did not abuse its discretion in finding such charges did not comprise delivery fees or convenience fees, but were instead permissible under section 1920(2) as "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

Of the $156.50 taxed by the district court concerning the deposition of Jon R. Carlson, Kinze asserts that $20 corresponded to an expedited delivery fee. Because we find that Kinze is correct, we reduce the amount allowed for this deposition to $136.50. With respect to the costs associated with the depositions of Edward Caulfield ($856.80), Harry Manbeck ($232.75), and Dr. Allyn Strickland ($742.25), Kinze asserts that the district court abused its discretion by including delivery fees and administrative fees within each cost taxed. After reviewing the record, the delivery fees are reversed, but not the administrative fees. Accordingly, Case may recover $807.60 associated with the deposition of Mr. Caulfield, $217.00 for Mr. Manbeck's deposition, and $726.50 for Dr. Strickland's deposition. As far as the costs associated with the deposition of Harry Deckler on August 18, 2004 ($1,479.00), Creighton Hoffman ($1,413.00), and Jon O. Nelson ($638.50) are concerned, we find that these amounts include the cost of only one transcript copy, as opposed to two copies, as argued by Kinze. However, while Case is entitled to administrative fees, it is not entitled to delivery fees. Accordingly, Case may recover $1,445.00 associated with the deposition of Mr. Deckler on August

18, 2004, $1,403.00 for Mr. Hoffman's deposition, and $613.00 for Mr. Nelson's deposition.

After reviewing the costs associated with Mr. Deckler's October 24, 2003 deposition, for which the district court taxed $597.50, we reduce the taxed amount to $199.50 because the district court did not specifically find that the realtime services were necessary. However, because the court concluded that the realtime transcript was necessary in the case of Mr. Kinzenbaw's October 23, 2003 deposition, for which it taxed $1,386.00, we uphold the taxed amount with the exception of $6.00, which was attributable to postage charges. Thus, Case is entitled to receive $1,380.00 for this deposition. Likewise, because the district court found that realtime trial transcription was necessary, we uphold the district court's tax of $6,828.60 for this service.

For the foregoing reasons, we reduce the amount of costs taxed against Kinze from $303,826.62 to $41,132.57. We thus affirm-in-part and reverse-in-part.

Each party shall bear its own costs.