[PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 02, 2001
THOMAS K. KAHN
CLERK

_____

No. 98-9566

_____

D. C. Docket No. 97-00017-CV-1

ARCADIAN FERTILIZER, L.P.,

                                        Plaintiff-Appellee,

                    versus

MPW INDUSTRIAL SERVICES, INC.,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____
**(May 2, 2001)**


Before DUBINA, FAY and COX, Circuit Judges.

PER CURIAM:

MPW Industrial Services, Inc. (MPW) appeals from a judgment awarding Arcadian Fertilizer, L.P. (Arcadian) damages, prejudgment interest and costs on Arcadian's breach of contract and negligence claims.

FACTS

Arcadian operates a fertilizer plant in Augusta, Georgia which includes a facility dedicated to the production of ammonia. Arcadian hired MPW to clean the build-up from a set of boiler tubes called the Nooter bundle, which MPW did by blasting water through the tubes and by scrubbing them with wire brushes. Less than a month after MPW technicians finished cleaning out the Nooter bundle, Arcadian employees observed steam and water escaping from the top of the adjacent secondary reformer, the result of an apparent rupture in the system. When the Nooter bundle was removed, a brush remnant was found wedged in the vicinity of a ruptured tube.

PROCEDURAL HISTORY

Arcadian filed suit for negligence and breach of contract. After a seven day trial, the jury found for Arcadian, finding that MPW had breached its contract, was negligent in its actions, and that MPW's negligence and breach of contract were the proximate cause of Arcadian's damages. The jury also attributed twenty-five percent of the negligence proximately causing the tube failure to Arcadian. The verdict

awarded $2,800,000 in compensatory damages and $980,000 in pre-judgment interest on the contract claim.

Following trial, Arcadian submitted a bill of costs pursuant to Fed. R. Civ. P. 54 that included, among other items, a claim of $29,208.97 for trial exhibits. *See* Fed. R. Civ. P. 54. Of this amount, $3,173.42 was for Arcadian's share of copies of oversize documents, color photographs and video exhibits. Arcadian claimed an additional $25,675.55 in expenses for a computer animation. The computer animation was used during trial to depict the chemical process for producing fertilizer and the events leading up to the rupture of the Nooter bundle.

The district court, rejecting MPW's arguments to the contrary, impliedly concluded that the exhibits were necessary for use in the case. Acknowledging that the computer animation was especially helpful to the jury, the court taxed MPW half the total expense of the animation, or $12,837.77. Costs taxed for the other exhibits amounted to $16,317.19,[1] with the sum of all taxed costs totaling $30,144.64. MPW appeals.

---

[1] The district court calculated the total of "exhibit fees" as $16,317.19. Our calculation of the sums enumerated in the order amounts to $16,011.19.

ISSUES ON APPEAL

Although MPW raises numerous issues in its brief, only one of them warrants discussion:[2] whether the district court abused its discretion in awarding costs to Arcadian for trial exhibits and a computer animation. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.

STANDARD OF REVIEW

We review a costs award for abuse of discretion. *EEOC v. W&O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000). We review a trial court's conclusions of law de novo. *Sandoval v. Hagan*, 197 F.3d 484, 491 (11th Cir. 1999).

CONTENTIONS OF THE PARTIES

MPW argues the district court abused its discretion in taxing the trial exhibits and computer animation as costs. MPW contends that many of the exhibits were not used at trial, and that some of them were cumulative. MPW also notes that Arcadian failed to obtain approval from the district court prior to incurring the cost of the computer animation, approval MPW maintains was required if Arcadian intended to

---

[2] MPW also argues that the district court erred in: (1) excluding evidence of prior and subsequent tube failures; (2) allowing Arcadian's contract theory; (3) not applying comparative negligence principles; (4) allowing the jury to award interest; (5) excluding the testimony of a former employee of Nooter; (5) not excluding Arcadian's computer animation; and in (6) denying MPW's motions for directed verdict on liability and on damages. MPW also raises objections to the taxation of costs unrelated to the computer animation and trial exhibit issues with which we concern ourselves *infra*. We find no merit in these arguments and reject them without discussion. *See* 11th Cir. R. 36-1.

4

attempt to tax it as cost. Finally, MPW contends that there is no statutory authorization for taxing the cost of the computer animation.

Arcadian responds that costs associated with oversized documents, color photographs, and videotape exhibits are exemplifications, and are recoverable when used at trial so long as they were necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4). In support, Arcadian points to case law from other circuits allowing the recovery of expenses for the production of demonstrative exhibits. *See Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988) (allowing costs for illustrative materials); *In re Kulicke & Soffa Indus. Inc.*, 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) (allowing unobjected-to costs for demonstrative exhibits). Arcadian also argues that the district court acted within its discretion in taxing half the cost of the computer animation to MPW because it was particularly helpful to the jury.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive costs other than attorneys' fees. Fed. R. Civ. P. 54(d)(1). The presumption is in favor of awarding costs. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). As noted in the rule, the discretion of the district court to award costs is subordinated to Congress's dictates when express provisions are made in federal

5

statutory authority.[3]  Fed R. Civ. P. 54(d)(1).  Although Congress has displaced or modified district courts' discretion in a variety of contexts, particularly where costs are taxed against the United States and its officers and agencies, *see, e.g.* 15 U.S.C. §§ 77v(a) & 79y (regarding Securities and Exchange Commission); 47 U.S.C. § 401 (regarding Communications Commission), the most significant provisions are in 28 U.S.C. § 1920, which enumerates the categories of costs and fees that a judge or clerk of court may tax.  28 U.S.C. § 1920.  As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 432, 445, 107 S. Ct. 2494, 2499 (1987).

The only provision in § 1920 that is arguably relevant to Arcadian's expenses for the copies of oversize documents, color photographs, videotape exhibits and the computer animation is § 1920(4), which allows "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  For costs to be taxed under § 1920(4), an item must fit within either the category "copies of

---

[3]  The text of Rule 54(d)(1):
Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.
Fed. R. Civ. Pro. 54(d)(1).

paper" or the category "exemplification." We read "copies of paper" to mean reproductions involving paper in its various forms, and conclude that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error. However, neither the videotape exhibits nor the computer animation are susceptible to this characterization, and, as no other provision in § 1920 permits the taxation of this sort of demonstrative exhibit, we must decide whether videotape exhibits and computer animations are "exemplifications" within the meaning of § 1920(4). The issue is resolved by an analysis of the logic of *EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000) and *Johns-Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381 (5th Cir.1970).

In *Johns-Manville* the former Fifth Circuit[4] addressed the propriety of taxing the cost of charts and models as physical exhibits, and, after deciding that there is no statutory provision for their taxation, concluded that absent prior authorization from the court they may not be taxed as costs. *Johns-Manville Corp.*, 428 F.2d at 1385. More recently we have revisited the holding of *Johns-Manville* and its conclusion that no statutory provision exists for the taxation of these kinds of exhibits, and concluded that the Supreme Court's determination in *Crawford Fitting* that statutory

---

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

authorization is an essential prerequisite to an award of costs necessarily abrogates that portion of the *Johns-Manville* decision that condoned taxation if prior authorization had been obtained. *W&O, Inc.*, 213 F.3d at 623. This means that in this circuit, physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization. *Id; Johns-Manville Corp.*, 428 F.2d at 1385.

Guided by the logic of *Johns-Manville* and *W&O, Inc.* which excludes physical models from § 1920(4)'s ambit, we conclude that the term "exemplification" imports the legal meaning of "[a]n official transcript of a public record, authenticated as a true copy for use as evidence," BLACK'S LAW DICTIONARY 593 (7th ed. 1999), and not the broader and common connotation that includes "a showing or illustrating by example." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 795 (1981). *Contra Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-28 (7th Cir. 2000) (discussing alternative meanings of term and adopting broader construction). Because the videotape exhibits and the computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4), they fall within the unauthorized

category described by *Johns-Manville* and *W&O, Inc.* and taxing these costs was error.[5]

CONCLUSION

We conclude that the costs for the oversize documents and the color photographs are taxable under § 1920(4). Until Congress sees fit to amend the language of § 1920 to include the innovative technologies currently used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority. *See W&O, Inc.*, 213 F.3d at 623. Accordingly, we vacate the award of costs with instructions to retax costs in accordance with this opinion. The judgment is otherwise affirmed.

JUDGMENT AFFIRMED; AWARD OF COSTS VACATED AND REMANDED WITH INSTRUCTIONS.

---

[5] It is not clear from the record whether the videotape exhibits are actually excerpts of videotape depositions, which may be taxed separately as costs pursuant to 28 U.S.C. § 1920(2), provided that the deposition meets the requirements outlined in *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir. 1996). *Morrison*, 97 F.3d at 464-65 (holding that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."). Should the district court determine on remand that the videotape exhibits are indeed excerpts of videotape depositions that have not previously been accounted for in the court's calculations, and that Arcadian has met the requirements of *Morrison*, the court may in its discretion tax the costs of such exhibits.