**AMERICAN TRIM, L.L.C., Plaintiff**

v.

**ORACLE CORPORATION, Defendant**

No. 3:99CV7265.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 6, 2002.

E. Todd Wilkowski, James E. Burke, Steven C. Coffaro, Keating, Muething & Klekamp P.L.L., Cincinnati, OH, Jeffrey S. Creamer, Shumaker, Loop & Kendrick, Toledo, OH, for Plaintiff.

Dorain Daley, Oracle Corp., Redwood City, CA, Harris A. Senturia, James D. Thomas, Laura J. Roman, Michael T. Sprenger, Walter J. Rekstis, III, Squire, Sanders & Dempsey, Cleveland, OH, for Defendant.

## ORDER

CARR, District Judge.

This is a diversity case in which American Trim, L.L.C. purchased software from the defendant Oracle Corporation. Following trial before a jury, judgment was returned in American Trim's favor on fraud and related claims. Pending are motions by American Trim to recover costs and attorneys' fees incurred in responding to a motion by Oracle for reconsideration of a pretrial ruling (Doc. 238) and American Trim's bill of costs. (Doc. 246).

### 1. Motion for Costs and Attorneys' Fees

Oracle's motion for reconsideration (Doc. 117) sought reconsideration of an order directing that issues relating to liability be tried separately from issues relating to damages. After restating my reasons for bifurcating the proceedings, and confirming my decision to do so, I stated, in

overruling Oracle's motion for reconsideration:

The present motion was unnecessary. Following the completion of all proceedings in this case, I presently expect to call on Oracle to show cause why plaintiff should not be compensated under Fed.R.Civ.P. 11 for the attorneys' fees it incurred in responding to the instant motion.

It is time that lawyers who file unfounded motions for reconsideration, which is all this motion really is, and renew objections to rulings that have been preceded by consideration of the arguments they simply repeat in support of motions to reconsider, come to understand that there will be a cost to their doing so. A party that prevails on rulings should not have to invest resources in having those rulings reconfirmed.

(Doc. 133).

Oracle's response to American Trim's request for its costs and fees is, in essence, a complaint about its uncertainty about the scope of the first phase of the bifurcated proceeding. I believe that I made myself clear from the outset of my discussion of separate trials about the scope of the first phase when I stated, "that's a pretty straightforward issue, was something called Oracle Automotive promised, and if so, was it delivered, and if not *that's the end of the fraud case* and could potentially impact significantly on the contract claims." (July 23, 2001, pretrial conference).

This is how I envisioned the initial trial on liability. And I thought my perception of the limited scope of the first stage was clear.

█ Oracle purports to have been confused by my shorthand reference to liability being tried first, and damages being tried later. Because causation, as Oracle pointed out, is an element of liability in a fraud claim under California law, Oracle

purports to have been confused as to just what I had in mind.

It should have been manifestly clear to Oracle that I was attempting to limit the first phase to determinative issues of fact that could be submitted and considered discreetly and efficiently by the jury: namely, what was promised, and what was delivered, without consideration of whether American Trim suffered a loss, or whether any misrepresentation by Oracle caused such loss.

On consideration of Oracle's response to American Trim's motion for costs and fees, I will accept its explanation for having filed its useless motion at face value, and deny American Trim's motion for reimbursement of its costs and fees. But I remain of the view that any uncertainty on Oracle's part could and should have been raised without the inconvenience of requesting reconsideration.

Lawyers more willing to acknowledge what I was trying to do—namely, to make the trial more comprehensible to the jury, and to limit the first phase to issues that were discrete and, as well, potentially dispositive—would have readily understood and accepted that objective. They would have understood that, though causation may technically have been a "liability" issue, it was not necessary to include that issue in the first phase. If the jury concluded either that Oracle had not promised to deliver "Oracle Automotive," or if it did promise to do so, had, in fact, done so, consideration of injury and its cause would not have been necessary.

I repeat my admonition that motions to reconsider are strongly disfavored, and should rarely be filed. Lawyers and litigants who file such motions should expect that, if those motions fail, they will have to pay the costs and fees incurred by the prevailing party. In this instance, no fees

or costs will be awarded or other sanctions imposed.

### 2. Bill of Costs

American Trim seeks reimbursement under 28 U.S.C. § 1920 for costs incurred during the course of this litigation. To the extent pertinent to American Trim's request, that section permits the prevailing party to recover: 1) court reporter fees for stenographic transcripts necessarily obtained for use in the case, § 1920(2); and 2) fees for exemplification and copies of papers necessarily obtained for use in the case, § 1920(4).

Oracle argues that four categories of American Trim's request are not reimbursable: 1) counsels' lodging fees; 2) expenditures for digitalized conversion of videorecorded testimony for presentation to the jury; 3) consultant fees relating to preparation of demonstrative exhibits; and 4) expert witness fees beyond the daily maximum allowed under 28 U.S.C. § 1821. Oracle also notes a computational error and asserts that some of the witnesses' expenses have not been documented.

American Trim acknowledges the computational error, agrees to reduce its request for expert witness fees to the statutory limit, and concurs in the objection to payment of lodging expenses. It shall supplement its Bill with documentation of its payment of the witness fees.

What remains disputed are expenditures related to preparing and presenting videorecorded testimony and demonstrative exhibits.

■ With regard to the videorecorded testimony, § 1920(2), relating to court reporter and transcript fees, authorizes recovery of the costs of procuring, recording, and obtaining a conventional transcript of the testimony. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.,* 249 F.3d 1293, 1297 n. 5 (11th Cir.2001); *Marbled*

*Murrelet v. Pacific Lumber Co.,* 163 F.R.D. 308, 329 (N.D.Cal.1995).

■ This issue here, however, is whether American Trim can also be reimbursed for the cost of enabling the jury to see the testimony on the screen as the videorecording was being played. Section 1920(2), as presently written, is, however, limited to stenographic transcripts.

With regard to the "papers" covered by § 1920(4), courts distinguish between conceptualizing and researching demonstrative exhibits, creating such exhibits, and presenting them at trial.

■ Courts have consistently ruled that litigants cannot recover expenses incurred in conceptualizing and conducting background research relating to demonstrative exhibits. *See Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir.1996); *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago,* 38 F.3d 1429, 1441 (7th Cir.1994); *Romero v. City of Pomona,* 883 F.2d 1418, 1427–28 (9th Cir.1989), *overruled in part on other grounds,* 914 F.2d 1136, 1141 (9th Cir.1990); *Webster v. M/V Moolchand, Sethia Liners, Ltd.,* 730 F.2d 1035, 1040 (5th Cir.1984); *Cleverock Energy Corp. v. Trepel,* 609 F.2d 1358, 1363 (10th Cir. 1979). To the extent that American Trim seeks to recover such expenses, its Bill shall be amended.

Expenses incurred in creating the exhibit are, however, recoverable. *See, e.g., Zuill,* 80 F.3d at 1371; *Romero,* 883 F.2d at 1428. American Trim is entitled to those expenses.

There is a split among the circuits with regard to whether expenses incurred in presenting demonstrative exhibits can be recovered. The Seventh Circuit allows recovery of such expenditures. *Cefalu v. Village of Elk Grove,* 211 F.3d 416, 428 (7th Cir.2000). Exemplification, as used in § 1920(4), the court stated, is not limited

to " '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.' " *Id.* (citing *Black's Law Dictionary* 593 (7th ed.1999)). Exemplification, the court held, also encompasses "the act of illustration by example." *Id.* (citing *Merriam–Webster's Collegiate Dictionary* 406 (10th ed.1993)).

The Fifth Circuit rejected this interpretation in *Arcadian Fertilizer.* 249 F.3d at 1297 (" '[E]xemplification' imports the legal meaning of '[a]n official transcript of a public record, authenticated as a true copy for use as evidence,' *Black's Law Dictionary* 593 (7th ed.1999), and not the broader and common connotation that includes 'a showing or illustrating by example.' *Webster's Third New International Dictionary* 795 (1981).").

■■■ To be compensable a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Section 1920, adopted before the development and deployment in our courtrooms of technological innovations intended to enhance jurors' comprehension of the evidence, simply does not speak to those innovations. Absent an amendment to § 1920, courts should not expand the statute's scope beyond its express authority. *See Arcadian Fertilizer,* 249 F.3d at 1297–98 ("Until Congress sees fit to amend the language of § 1920 to include the innovative technologies currently used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority.").

In general, each litigant bears its own expenses and fees. Section 1920 creates a limited exception to this principle. As such, it should not be expanded judicially. Expansion of the statute's scope is for Congress, not the courts, to accomplish.

I agree, accordingly, with Oracle's challenge to the claim for expenses incurred by American Trim with regard to the conceptualizing, researching, and presenting of its demonstrative exhibits. American Trim's Bill shall be revised in response to this decision.

### Conclusion

In light of the foregoing, American Trim's revised Bill of Costs shall be filed on or before December 2, 2002. The parties are encouraged to consult with each other with regard to said revision prior to its submission. If, despite such consultation, Oracle disputes the revised Bill, it shall submit its opposition on or before December 9, 2002. American Trim shall submit a reply on or before December 16, 2002.

It is, therefore,

ORDERED THAT:

1. American Trim's motion for costs and attorneys' fees (Doc. 238) be, and the same hereby is overruled; and

2. American Trim to submit revised Bill of Costs in accordance with this Order on or before December 2, 2002; Oracle's opposition, if any, to be filed on or before December 9, 2002; American Trim's reply to be filed on or before December 16, 2002.

So ordered.