**Raymond J. MARTIN, et al., Plaintiffs**

**v.**

**MARTIN BROS. CONTAINER & TIMBER PRODUCTS CORPORATION, et al., Defendants**

**No. 3:00CV7642.**

United States District Court, N.D. Ohio, Western Division.

May 2, 2003.

David J. Rohrbacher, Nicholas J. Cron, Rohrbachers, Light, Cron, Zmuda & Trimble, Toledo, OH, for Raymond J. Martin, Dolores J. Martin, Cecelia A. Austin.

Cheryl L. Ryan, Greg W. Jones, Timothy C. Jochim, Jochim Co., Columbus, OH, for Martin Bros. Container & Timber Products Corp., an Ohio Corporation, Martin Bros. Container & Timber Products Corp., a Tennessee Corporation.

## ORDER

CARR, District Judge.

This is a diversity suit by minority shareholders in the defendant Martin Bros. Container & Timber Products Corporation as a "special proceeding" under § 1701.85(B) of the Ohio Revised Code to determine the fair market value of the plaintiffs' shares in the corporation. Following a non-jury trial, I entered certain findings and conclusions as to disputed issues and the value of the minority shares. (Doc. 56). The parties were ordered to submit proposed judgment entries incorporating those findings and my conclusions as to valuation and related interest computations. (*Id.*).

The parties have submitted those proposals, which, not surprisingly, are in substantial disagreement. In addition, the defendants have filed a motion for reconsideration (Doc. 62) and a motion to strike an affidavit attached to the plaintiffs' reply brief re. their interest computation. (Doc. 70).

For the reasons that follow, I overrule motion to strike, deny the motion for reconsideration (and impose attorneys' fees against the defendants for having filed said motion), and make the following determinations regarding the rate and starting date for interest on the value of the plaintiffs' shares, as previously ascertained.

Turning first to the motion to strike: that motion is overruled because the affidavit which it challenges played no role in my determination of the appropriate rate of or starting date for interest in plaintiffs' favor. The motion is, accordingly, moot.

The defendants' motion for reconsideration challenges the deduction for taxes, which I computed at 34%. Defendants

contend, as they did in their original briefs, that the rate for such deduction should be 40%.

As plaintiffs' opposition points out, most of what defendants assert in their motion for reconsideration was not presented to me when I first considered the issue of valuation. That material could and should have been presented to me in a timely fashion; because it was not, I decline to consider it now. To the extent that the motion for reconsideration re-argues contentions that were previously considered, I decline to revisit issues which I already examined closely and in detail. If I erred in my result, it is for the court of appeals to say so, and not for me to undertake to determine when presented with arguments I considered before.

█ Because I find no basis for reconsidering my earlier decision, the judgment to be awarded herein shall be increased in the amount of $2,000 as and for attorneys' fees incurred by the plaintiffs in opposing the defendants' motion for reconsideration. *See generally, American Trim, L.L.C. v. Oracle Corp.,* 230 F.Supp.2d 803, 804 (N.D.Ohio 2002); *Miller v. Norfolk Southern Rwy. Co.,* 208 F.Supp.2d 851, 853 (N.D.Ohio 2002); *McConocha v. Blue Cross and Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1183 (N.D.Ohio 1996).[1]

█ Under § 1701.85(B) interest is to be awarded "at such rate and from such date as the court considers equitable." In light of the arguments of the parties and the authorities they have cited in their briefs, I conclude that interest at the rate of six percent per annum, compounded, should run from July 18, 2000, the date immediately prior to the merger which has necessitated these proceedings. Under all the circumstances, and in light of the decline in interest rates generally and steadily since that date, six percent compounded is equitable, and a more reliable benchmark than the lower rates proposed by the defendants and the higher rates proposed by the plaintiffs.

I agree with the plaintiffs that the starting date for interest is the date prior to the merger. From that point the parties were deadlocked—nothing changed between that date and the entry of my valuation findings and conclusions. Without assessing blame for that situation, I conclude that plaintiffs can best be made whole, and equity and fairness are best served, by starting the interest clock on that date.

In light of the foregoing, it is

ORDERED THAT by May 15, 2003, plaintiffs shall prepare and file a proposed judgment entry stating the amount of the award to which they are entitled in light of this court's findings and conclusions re. valuation and interest, and, with regard to the defendants' motion for reconsideration, $2,000 attorneys' fees.

So ordered.

█

---

1.  If, rather than abiding by my ad hoc assessment of the fees likely to have reasonably incurred by plaintiffs in opposing the motion for reconsideration, defendants want to have plaintiffs submit a statement re. such fees, they shall serve notice of such request within ten days of the entry of this order. If, after considering such submission, I conclude that such amount, or one reasonably close to it, is appropriate, defendants shall be further assessed the fees incurred by plaintiffs in responding to such challenge. If defendants abide by the amount of the assessment herein, it will be without prejudice to their right to challenge the imposition of sanctions ab initio. By estimating the fees incurred by plaintiffs in responding to defendants' motion for reconsideration, I am simply trying to avoid further unnecessary expenditure of time and money on the part of all concerned.