[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2006
THOMAS K. KAHN
CLERK

Nos. 05-12282 and 05-13807
Non-Argument Calendar
_____

D. C. Docket No. 02-02216-CV-T-30EAJ

GREGORY G. SCHULTZ,
on behalf of himself and all others similarly
situated,

Plaintiff-Appellant,

PAUL MILUS, et al.,

Plaintiffs,

versus

JOHN ASHCROFT, individually, et al.,

Defendants,

MARY M. DELANO, individually,
JOHN DOES, 2 unknown agents of the Florida Dept.
of Law Enforcement,
JOHN DOE, 1 unknown agent of the Florida
Department of Banking and Finance,
GARY D. LIPSON, individually,
JORWORSKI ROBINSON, individually, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(April 5, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

In these appeals, which we <u>sua sponte</u> consolidate, Gregory G. Schultz, an attorney proceeding <u>pro se</u>, appeals the district court's grant of summary judgment in favor of defendants Mary M. Delano, Robert Cornell, J. Jeffrey Deery, Albert Gregory Melchior, Jorworski Robinson, Michael Deleon, Rachelle Des Vaux Bedke, and Michael Runyon in this civil rights action filed pursuant to 42 U.S.C. § 1983. Schultz also appeals the award of prevailing-party costs to Delano, Melchior, and Cornell, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. The district court entered summary judgment in favor of (1) defendant Deery on Count 1 after finding that Deery was not a state actor; (2) defendants Delano and Melchior on Count 1 after determining that they were entitled to qualified immunity; and (3) defendants Delano, Cornell, Robinson, Deleon, Bedke, and Runyon on Count 2 based on Schultz's failure to present any evidence establishing the existence of a conspiracy. After careful review, we affirm.

I.

We review <u>de novo</u> the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual

inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. See Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. A party moving for summary judgment has the initial burden of showing that there is no genuine issue of material fact. See Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). Once the moving party meets its burden, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. See Bailey v. Allgas, Inc., 284 F.3d 1237, 1242-43 (11th Cir. 2002). The nonmoving party may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Eberhardt, 901 F.2d at 1580.

We review a district court's award of costs to a prevailing party for abuse of discretion. See Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000)(en banc).

II.

The parties are familiar with the relevant facts and we only summarize them here. This action arose out of an investigation, which was conducted by the Florida Department of Banking and Finance ("FDBF"), into alleged violations of state and federal securities laws. In connection with its investigation, the FDBF sought and obtained a temporary injunction ("Injunction") against eleven corporations, including seven companies collectively known as "the Stonehenge Groups," and four relief defendants, including Schultz. The Injunction ordered the defendant corporations, by and through the relief defendants, to grant the FDBF and Gary D. Lipson,[1] who was appointed as Receiver, and their agents and representatives unfettered access to the following:

> all property, business premises, papers, records, books of account, computer records and computer-stored data and computer terminals and equipment, files, documents, computer data backups, or other things of or pertaining in any way to the subject matter of this litigation (of whatever nature and wherever situated) in their possession or under their control, and such access shall include the right to access and to inspect and to copy in any form such papers, records, books of account, computer records and computer stored data, files, documents, and computer data backups.

On the day the Injunction was issued, Defendants Delano, Lipson, and Melchior entered an office space that was shared by several entities, including: (1)

---

[1]Lipson was named as a defendant in Count 1, but the district court dismissed him from the action because he was never served. Schultz does not appeal that decision.

the Stonehenge Groups, (2) two companies that were not listed as defendant-corporations in the injunctive order, and (3) the law offices of Schultz & Associates. Schultz alleged that Delano and Lipson seized a computer tape labeled "Schultz & Associates Legal Files," which contained attorney-client privileged information that was not within the scope of the Injunction. Schultz also asserted that these defendants destroyed computer files when they attempted to access the computer server without the appropriate passwords, despite being warned that doing so could damage the computers. Schultz further alleged that these defendants conspired with others to use the seized information to add additional defendant-corporations to the scope of the Injunction.

Schultz filed this action against the following defendants, among others: (1) Mary M. Delano, a Financial Investigator for the FDBF; (2) Robert Cornell, an employee of the State of Florida; (3) J. Jeffrey Deery, a private attorney; (4) Albert Gregory Melchior, FDBF legal counsel; (5) Jorworski Robinson, a Postal Inspector for the United States Postal Service; (6) Michael Deleon, a Special Agent for the Federal Bureau of Investigation; (7) Rachelle Des Vaux Bedke, an Assistant United States Attorney ("AUSA"); and (8) Michael Runyon, an AUSA. In Count 1, Schultz alleged, inter alia, that Delano, Lipson, Melchior, and Deery (in his capacity as counsel for Receiver Lipson) violated due process and state law when they participated in the seizure of records and destroyed computer files that were

5

beyond the scope of the Injunction. In Count 2, Schultz asserted that AUSA Runyon, AUSA Bedke, Special Agent Deleon, and Postal Inspector Robinson conspired with Delano and Cornell to violate Schultz's constitutional rights.[2] Schultz sought damages in excess of $100 million dollars.

Defendants Delano, Cornell, and Melchior filed motions for summary judgment in which they asserted that they were entitled to qualified immunity from suit under § 1983. They also urged that Schultz's conspiracy allegations were insufficient to state a claim under § 1983. Delano, Cornell, and Melchior submitted several depositions in support of their summary judgment motions. From these affidavits, we glean the following additional facts, which, in large part, were undisputed by Schultz.

Schultz provided legal counsel to the Stonehenge Groups and served as an officer for one of them. He also was a principal owner of one of the defendant-corporations listed in the Injunction and the sole shareholder and president of two others. Schultz and his law practice, Schultz & Associates, shared office space, a telephone system, a bookkeeper, overhead expenses, and computer equipment with several defendant-companies, including the Stonehenge Groups, and two

---

[2]Specifically, Schultz alleged that Special Agent Deleon omitted information from his affidavit in support of an arrest warrant. Schultz also contended that Deleon, Postal Inspector Robinson, Delano, and Cornell agreed not to disclose information about the destruction of the computer server, and that Deleon, AUSA Runyon, AUSA Bedke, and Robinson conspired with Delano and Cornell to cover up the alleged wrongful seizure of legal files and damage to the computer server. Finally, Shultz asserted that Runyon and Bedke retaliated against him for filing his lawsuit by filing an indictment .

6

companies not listed in the Injunction. The Stonehenge Groups owned the shared computer equipment, which included a server. Each entity that occupied the office, including the Stonehenge Groups, stored data on a single hard drive within the shared server. The tape labeled "Schultz & Associates Legal Files," which was taken by the defendants, pursuant to the Injunction, contained business records and information related to the Stonehenge Groups, as well as other defendant-corporations listed in the Injunction.

Defendant Deery also moved for summary judgment, arguing that Schultz failed to state a cause of action against him under § 1983 because he was not a state actor but a private attorney retained as counsel by the Receiver. Deery also stated, in his affidavit in support of summary judgment, that before the Receiver retained him, he did not represent the State of Florida or participate in any way in the drafting or filing of pleadings in the underlying investigation. Moreover, Deery stated that he was not present during the execution of the Injunction. In his own deposition, Schultz conceded that he had no personal knowledge as to whether Deery was present when the Injunction was executed.

The district court granted summary judgment in favor of all of the defendants, finding, inter alia, that: (1) Deery was entitled to summary judgment on Count 1 because he was not present during the execution of the Injunction and was not a state actor; (2) Delano and Melchior were entitled to qualified immunity

7

on Count 1 because (a) the computer tape at issue reasonably fell within the scope of the Injunction, (b) their attempt to retrieve information from the server was reasonable, and (c) they did not intentionally destroy any computer files; (3) Schultz's proper remedy for recovering damage to his property was under state law, not § 1983; and (4) Delano, Cornell, Robinson, Deleon, Bedke, and Runyon were entitled to summary judgment on Count 2 because Schultz "failed to present sufficient evidence establishing the existence of an agreement between the Defendants to violate his constitutional rights."

Thereafter, Delano, Melchior, and Cornell filed a bill of costs and a supporting affidavit, seeking taxation of prevailing-party costs, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, against Schultz in the amount of $6,073.94. This amount consisted of fees for summonses and subpoenas, payment to the court reporter for transcripts, fees paid to witnesses, copying costs, and mediation expenses. Approximately two months after the bill of costs was filed and Schultz had not replied or objected to it, the district court awarded costs to Delano, Melchior, and Cornell in the requested amount .

## III.

First, we consider the entry of summary judgment in favor of Deery, the private attorney hired to represent the receiver. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal

right by a person acting under color of state law." <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001). Only in rare circumstances will a private party be viewed as a state actor for § 1983 purposes. <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). Where a private party acts either jointly or with or through a state actor, the private party acts under color of state law, within the meaning of § 1983. <u>See</u> <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984); <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). From our review of the summary judgment materials, it is clear that Schultz failed to establish a sufficient nexus between Deery, who was not present during execution of the Injunction, and the state defendants. Accordingly, the district court did not err by concluding that Deery, a private attorney, was not a state actor and therefore was entitled to summary judgment.

Schultz also argues that Melchior and Delano were not entitled to qualified immunity because they acted outside the scope of the Injunction when they seized the "Schultz & Associates Legal Files" tape and destroyed computer files. Again, we are unpersuaded. A government official who is sued under § 1983 may seek summary judgment on the ground that he is entitled to qualified immunity. <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1263 (11th Cir. 2004). To be eligible for qualified immunity, the official must first establish that he was

9

performing a "discretionary function" at the time the alleged violation of federal law occurred. Id. at 1263-64.

Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity. Id. at 1264. In order to demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it. Saucier v. Katz, 533 U.S. 194, 201 (2001); Holloman, 370 F.3d at 1264. This two-step inquiry is designed to "provide[ ] ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341(1986). There is no dispute that Melchior and Delano were acting within their discretionary authority during the execution of the injunctive order. Therefore, Schultz had the burden to satisfy the Saucier two-part test.

On the first Saucier prong, in an analogous context, we have held that law enforcement officers are entitled to qualified immunity for the seizure of property if the officers had "reasonable suspicion" that the property was included within the scope of a warrant. See Maughon v. Bibb County, 160 F.3d 658, 660-61 (11th Cir. 1998); see also Lindsey v. Storey, 936 F.2d 554, 559 (11th Cir. 1991) (holding

that police officer was entitled to qualified immunity "unless there was <u>clearly</u> no reasonable suspicion to seize the property").

In the instant case, the district court found that both seizure of the computer tape and accessing the shared server reasonably fell within the language of the Injunction, which directed the seizure of computer data backups, computer records, computer-stored data, computer equipment, <u>and</u> computer files. Indeed, Schultz <u>conceded</u> that the seized tape contained, along with other materials, items relating to entities that <u>were</u> named in the Injunction. Moreover, Melchior and Delano's seizure of the tape labeled "Schultz & Associates Legal Files" also reasonably fell within the scope of the Injunction because: (1) the Injunction specifically included computer records and computer files; (2) Schultz was a named relief defendant and had an ownership interest in some of the defendant-corporations, which shared office space and computer equipment with Schultz & Associates; and (3) the tape contained business records and information that <u>were</u> related to those defendant-corporations. In short, the defendants were acting under a reasonable interpretation of the Injunction during its execution and, accordingly, they were entitled to qualified immunity as to Count 1.

Next, Schultz contends the district court's entry of summary judgment on Count 2 was error because Delano, Cornell, Robinson, Deleon, Bedke, and Runyon conspired to prevent him from "seeking legal redress" concerning the wrongful

11

taking and destruction of his property. He summarily argues that the state defendants' failure to "abid[e] by" the Injunction constituted a conspiracy and that this failure "was expanded by the complicity of the federal employees to block [his] efforts."

"To establish a prima facie case of § 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotations and citation omitted). "For a conspiracy claim to survive a motion for summary judgment, a mere scintilla of evidence will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Id. at 1284 (quotations and citation omitted). Here, Schultz presented no evidence of an agreement between the defendants. Accordingly, Count 2 could not survive the defendants' motion for summary judgment.

IV.

Finally, under the mistaken belief that the district court granted sanctions, under Federal Rule of Civil Procedure 11, Schultz makes various arguments as why sanctions were not warranted here. Notably, he raises no challenge based on Fed. R. 54(d)(1) or 28 U.S.C. § 1920, which are the provisions that formed the basis for the district court's award of prevailing-party costs. Rule 54(d)(1) allows a prevailing party to receive costs other than attorneys' fees. Fed. R. Civ. P.

12

54(d)(1); <u>Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2001). Moreover, under 54(d), "[t]he presumption is in favor of awarding costs." <u>Arcadian</u>, 249 F.3d at 1296. Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920. <u>Maris Distrib. Co. v. Anheuser-Busch, Inc.</u>, 300 F.3d 1207, 1225 (11th Cir. 2002). Costs that may be awarded under § 1920 include: "(1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(1)-(4).

Since we have affirmed the grant of summary judgment to Delano, Melchior, and Cornell, as prevailing parties, these defendants were entitled to costs under Rule 54(d)(1), as permitted by § 1920. Schultz did not respond to the bill of costs in the district court and does not argue on appeal that the award of costs under Rule 54(d)(1) and § 1920 was improper. Simply put, we discern no abuse of discretion in the costs award.

**AFFIRMED.**