[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10592; 12-11573
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cv-00399-PAM-TEM


DONALD P. WATSON,
CHRISTINE H. WATSON,

Plaintiffs-Appellants,

versus

LAKE COUNTY,
a political subdivision of the State of Florida,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(October 25, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Donald and Christine Watson (collectively, "the Watsons") appeal *pro se* the district court's denials of their Fed.R.Civ.P. 60(b) ("Rule 60(b)") motions for relief from the judgment and denial in part of their motion for review of the costs awarded to Lake County, Florida, in the Watsons' 42 U.S.C. § 1983 civil rights action. For the reasons set forth below, we affirm the district court's orders denying the Watsons' Rule 60(b) motions and affirm in part and vacate in part the district court's order denying in part the Watsons' motion for review of costs.[1]

### I.

In 2010, the Watsons filed an amended complaint against Lake County, alleging that it had violated their equal-protection and substantive-due-process rights under the U.S. Constitution when it cited them for a violation of its Land Development Regulations ("LDR") after the Watsons imported dirt onto their vacant subdivision lot without prior authorization. The amended complaint stated that, during the course of enforcement proceedings regarding the violation, the Watsons had argued that an exemption from the authorization requirement applied to their lot because it was devoted to dwelling purposes. Lake County, however,

---

[1] We note that Lake County filed supplemental authority, pursuant to Fed.R.App.P. 28(j). Because we find the authority not relevant to the issues presented on appeal, we do not consider it.

disagreed as to the applicability of the exemption, and argued that the Watsons' lot was not devoted to dwelling purposes. A special master agreed with Lake County and ordered the Watsons to remove the dirt.

The district court awarded summary judgment in favor of Lake County. With respect to the Watsons' equal-protection claim, the court stated that they had alleged that Lake County was unequally administering a facially neutral statute. The court found that the Watsons had failed to show that they were treated differently from similarly-situated individuals, as they had not shown that other subdivision lot owners, who Lake County had not cited for the relevant violation and who had also imported dirt onto their property, did not first obtain authorization prior to their importation of dirt. Following the judgment, the Watsons filed a Rule 60(b) motion for relief from the judgment, and the district court denied the motion. The Watsons appealed the court's rulings, and we affirmed for the reasons set forth in the district court's orders.

The Watsons filed a second Rule 60(b) motion, and argued that Lake County had misrepresented facts in its filings to the district court that caused the court to misapprehend facts material to their claims. In order to demonstrate that Lake County had made misrepresentations, the Watsons argued that language in the LDR demonstrated that Lake County's interpretation of various terms as used

3

in the LDR were incorrect and that Lake County had misread provisions of the LDR, to the exclusion of others.  The district court denied the Watsons' motion because they had failed to show that Lake County acted with an intent to deceive and that its conduct prevented them from fully and fairly presenting their case.

The Watsons filed a third Rule 60(b) motion and raised several other objections to the district court's previous findings.  The Watsons had not raised any of these objections in their initial brief on direct appeal to this Court of the orders they challenged, with the exception of their argument that the district court had mischaracterized their equal-protection claim as a selective-enforcement claim.  The district court denied the Watsons' motion because it had already rejected the Watsons' arguments on two previous occasions and would not address them again.

Following the court's order, Lake County filed a bill of costs that totaled $11,657.85.  Included in the total were the costs of the transcripts of the depositions of several witnesses, as well as the cost of shipping those transcripts. Lake County also sought to recover the costs of a telephone-conference call during which Lake County took a witness's deposition and the stenographic recording of a state-court hearing before Judge T. Michael Johnson.  Also included in the total was $2,866.47 in costs, which according to an itemized list, consisted of the costs

4

of the following items: (1) 3 sets of attachments to Lake County's motion to dismiss and motions for summary judgment; (2) 100 pages of "B & W" printing; (3) discovery documents; (4) 2 sets of deposition transcripts for trial; and (5) documents and photographs to be used at trial. Lake County's supporting documentation showed that it included in its copying costs the costs of purchasing binders, tabs, and "technical labor," which consisted of the time spent cutting exhibits. The clerk of the court then taxed the total costs Lake County requested to the Watsons.

The Watsons filed a motion seeking review of the clerk's bill of costs and objected to 38 specific costs, including the costs of duplicate copies of depositions and of the videographic and stenographic recording of their own depositions. The district court granted the Watsons' objection to any item to which it could not facially conclude that the item was necessarily obtained for use in the case. However, the court overruled all of the Watsons' remaining objections, finding that they were facially without merit. It found that, although the Watsons contended that duplicate copies were not taxable, there were some examples where duplicate copies were necessary, and it would not issue a blanket exclusion as to them. Further, the costs of the Watsons' own depositions, including video depositions, were "almost self-evidently necessarily obtained for use in the case."

5

The court ordered that the bill of costs be reduced to a total of $8,925.05.

## II.

On appeal, the Watsons argue that the district court, in denying their second Rule 60(b) motion, erred in requiring them to show that Lake County's misrepresentations were made with an "intent to deceive" and in requiring them to show that the misrepresentations prevented them from fully and fairly presenting their case. They assert that the district court never addressed their equal-protection claim because it construed it as a selective-enforcement claim, rather than a claim based on their allegation that Lake County lacked a rational basis for differentially classifying their property. The Watsons contend that their claims were meritorious, as the district court had denied Lake County's other motions for judgment in its favor. With respect to their third Rule 60(b) motion, the Watsons argue that the district court erred in not addressing their objections that were unrelated to Lake County's misrepresentations.

We review the district court's denial of a Rule 60(b) motion for relief from the judgment for abuse of discretion. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). *Pro se* pleadings are held to a less stringent standard than those that are drafted by attorneys and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

6

Our review of a Rule 60(b) motion is narrow and deferential and does not involve review of the underlying judgment. *Rice v. Ford Motor Co.*, 88 F.3d 914, 919-20 (11th Cir. 1996). The moving party must show grounds in his motion so compelling that the district court was required to grant the Rule 60(b) motion. *Id.* at 919. A party does not state grounds for relief under Rule 60(b) by merely showing mistakes of law that could have been raised on direct appeal. *See id.* Thus, although a Rule 60(b) motion is to be given a liberal and remedial construction, it cannot be used as a substitute for a proper and timely appeal of the district court's judgment. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Pursuant to Rule 60(b), a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b). To obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Frederick*, 205 F.3d at 1287. The moving party must also demonstrate that the alleged conduct prevented them from

7

fully presenting his or her case.  *Id.*

Under the law-of-the-case doctrine, the findings of fact and conclusions of law by our Court are generally binding in all subsequent proceedings in the trial court or a later appeal.  *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005).  This doctrine precludes courts from revisiting an issue decided explicitly or by necessary implication in the same case in a prior appeal.  *Id.*  The law-of-the-case doctrine, however, does not preclude us from revisiting issues when (1) new and substantially different evidence emerges at a subsequent trial; (2) controlling authority has been decided that is contrary to our previous decision; or (3) the earlier ruling was clearly erroneous and would work a manifest injustice if implemented.  *Id.* at 1292.

With respect to the Watsons' second Rule 60(b) motion, they sought relief from the judgment based on misrepresentations Lake County made in filings with the district court.  The Watsons have not provided any reason for why they were unable to point out these alleged misrepresentations to the court before it ruled on their summary judgment motion.  Further, all of the alleged misrepresentations identified in the Watsons' motion appear to turn on how one interprets the LDR, as opposed to actual misconduct.   Thus, the court properly denied their motion, as the Watsons have not shown that they were prevented from fully and fairly

8

presenting their cases and have not demonstrated that Lake County engaged in the type of misconduct that justifies Rule 60(b)(3) relief. *Frederick*, 205 F.3d at 1287.

The Watsons assert that the district court mischaracterized their equal-protection claim as a selective-enforcement claim and, thus, did not decide their actual claim regarding whether Lake County lacked a rational basis for differentially classifying their property. However, the Watsons raised this argument on direct appeal, as they asserted in their initial appellate brief that the district court understood their claim as Lake County selectively citing the Watsons for violating § 14.00.02, but that their actual claim was that they were treated differentially because Lake County arbitrarily classified their lot as land not devoted to dwelling uses. We affirmed the district court's summary judgment order, necessarily deciding that this argument was without merit. Thus, this argument is barred under the law-of-the-case doctrine unless an exception applies. *Schiavo*, 403 F.3d at 1291-92. The first two exceptions to the doctrine are inapplicable. Further, the earlier ruling was not clearly erroneous. Both a "selective-enforcement" claim and a "differential-classification" claim essentially allege that Lake County applied the LDR to the Watsons differently than it applied the LDR to other subdivision lot owners. *See E & T Realty v. Strickland*, 830 F.2d 1107, 1112-14 (11th Cir. 1987) (describing the different types of equal-protection

9

claims).  Regardless of whether the Watsons had to show that Lake County purposefully discriminated against them or that its actions lacked a rational basis to state a claim for relief, they also had to show that they were treated differently than similarly-situated subdivision lot owners, which, as set forth in the district court's order, they failed to do.  *See Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006).

Next, the Watsons assert that the district court only addressed 1 of the 28 mistakes included in their third motion.  All of the alleged mistakes relate to the court's factual findings in its summary judgment order and its order denying their first Rule 60(b) motion.  The Watsons did not raise these alleged errors on direct appeal of these orders and have not provided a reason for why they were unable to do so.  Because a Rule 60(b) motion cannot be used as a substitute for a direct appeal, we will not address these alleged errors in the court's summary-judgment order now.  Finally, although the Watsons argue that the court's finding, that their claims were without merit, cannot be reconciled with the court's decision to deny Lake County's other motions for judgment, the Watsons ignore that the court did not deny those motions on the merits, but rather only denied them as moot in light of the fact that the Watsons had filed a second amended complaint.  Accordingly, the district court did not abuse its discretion in denying the Watsons' second and

10

third Rule 60(b) motions.

## III.

The Watsons argue that the district court lacked statutory authority under 28 U.S.C. §1920 to award the following costs to Lake County: (1) costs associated with a conference call; (2) postage and mailing costs; (3) costs associated with tabs, binders, and technical labor; and (4) a state-court hearing transcript before Judge Johnson. The Watsons further argue that the district court did not determine whether the following items were necessarily obtained for use in the case, as required by 28 U.S.C. § 1920: (1) duplicate copies of depositions; (2) Christine Watson's initial deposition transcript; (3) the Watsons' videotape depositions; (4) copies of litigation documents; and (5) the Judge Johnson transcript.

A district court's award of costs is reviewed for abuse of discretion. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1295 (11th Cir. 2001). Fed.R.Civ.P. 54(d)(1) allows prevailing parties to receive costs other than attorneys' fees. Fed.R.Civ.P. 54(d)(1). There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296. In awarding costs, a district court is bound by the limitations set forth in 28 U.S.C. § 1920. *Id.* A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for "printed or electronically recorded

11

transcripts necessarily obtained for use in the case;" (3) fees related to printing and witnesses; (4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;" (5) docket fees; and (6) compensation of court appointed experts and fees related to interpretation services.  28 U.S.C. § 1920(1)-(6).

In determining whether the costs of recording a deposition may be taxed under § 1920, a district court must decide the factual question of whether the deposition was necessarily obtained for use in a case.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  Where the deposition costs were incurred for the prevailing parties' convenience, such as to aid in thorough preparation or for the purposes of investigation only, the costs are not recoverable.  *Id.* at 620. Although use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable.  *Id.* at 621.  Thus, even where a deposition is not ultimately used as part of a prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.  *Id.* at 622. Where a party notices a deposition to be recorded by both stenographic and non-stenographic means, and no objection is raised at that time as to the method of

12

recordation, pursuant to Fed.R.Civ.P. 26(c), a court can award the cost of conducting the deposition in the manner noticed. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) (holding that costs for a video deposition are properly taxable under 28 U.S.C. § 1920). In evaluating copy costs, a district court should consider whether the prevailing party could have "reasonably believed" that it was necessary to copy the documents at issue. *W&O, Inc.*, 213 F.3d at 623. Actual use of the information contained in the document copied is not a prerequisite to finding that it was necessary to copy the document. *Id.*

The Watsons assert that the district court abused its discretion in overruling their objection to the costs for duplicate copies of various transcripts because no evidence demonstrated that the duplicates were necessarily obtained for use in the case. However, the Watsons did not argue this issue before the district court. Rather, the Watsons asserted that such costs for duplicate copies were not recoverable under any circumstance. We have previously upheld copies of deposition transcripts as taxable under § 1920. *See United States v. Kolesar*, 313 F.2d 835, 840 (11th Cir. 1963) (holding that costs for copies of depositions are recoverable in some cases). Thus, the district court did not abuse its discretion in

13

refusing to grant a blanket exemption with respect to the duplicate copies.[2]

Further, the court did not abuse its discretion in overruling the Watsons' objections to the recordings of their own depositions in light of their role as plaintiffs in the case. Lake County properly gave notice that it would be recording both of the Watsons' depositions by stenographic and videographic means for discovery purposes and for use at trial. That Christine Watson's deposition was not ultimately used as part of Lake County's defense does not demonstrate that her deposition was unrelated to an issue present in the case at the time her deposition was taken. *See W&O, Inc.*, 213 F.3d at 622.

The district court did abuse its discretion in taxing costs for the (1) telephone-conference fee; (2) shipment of the depositions; and (3) binders, tabs, and "technical labor." Although § 1920(2) states that fees for "printed or electronically recorded transcripts" are recoverable, this provision does not extend to telephone-conference fees related to the taking of a deposition. Similarly, § 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor. 28 U.S.C. § 1920; *see Duckworth v.*

[2] To the extent the Watsons intend to raise their objection to these duplicates on the basis that they were not necessarily obtained for use in the case for the first time on appeal, we will not consider their objection. *See Albra v. Advan, Inc.*, 490 F.3d 826, 828 n.1 (11th Cir. 2007) (holding that it would not consider a plaintiff's *pro se* argument that was not raised in the district court and was raised for the first time on appeal).

14

*Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996) (stating that postage is not recoverable under § 1920).

The district court did not expressly address the Watsons' argument that the copies and Judge Johnson transcript were not necessarily obtained for use in the case. This argument cannot be resolved on its face, and the record does not assist us in determining whether these copies and the transcript were necessarily obtained for use in the case. For instance, Lake County was awarded costs for "B & W printing" and "color copies," but did not further explain what documents were actually copied. *See id.* at 1399 (stating that general copying is not recoverable under § 1920). Lake County also was awarded costs for 3 sets of 110 pages related to its 11-page motion to dismiss that had no attachments and for 3 sets of its attachments to its 2 summary judgment motions that were filed electronically. It provided no explanation for these costs. Finally, although a state-court transcript may be recoverable under § 1920(2), Lake County never mentioned the state-court proceeding that it transcribed in its filings in the district court, and, without further explanation by Lake County, it is unclear why the transcript was necessary for use in the case. Thus, we remand to the district court to make further findings as to whether the copies and the state-court transcript were necessarily obtained for use in the case. *See Morrison*, 97 F.3d at 465-66

15

(remanding to the district court for further findings as to the necessity of copying costs where the record did not demonstrate why it was necessary to copy a video deposition).

For the foregoing reasons, we affirm the district court's denial of the Watsons' second and third Rule 60(b) motions and the denial of their motion for review of costs taxed with respect to the duplicate copies of deposition transcripts and the Watsons' depositions. We remand to the district court with instructions to vacate the taxation of costs for conference-call fees, shipment costs, binders, tabs, and technical labor, and to determine whether it was necessary to obtain copies of all of the documents included in Lake County's itemized list and to obtain a transcript of the state-court hearing.

**AFFIRMED in part, VACATED in part, and REMANDED in part.**