Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-1120, -1162

DAVID L. HILDEBRAND,

Plaintiff-Appellant,

v.

STECK MANUFACTURING COMPANY, INC.,
CORNWELL QUALITY TOOLS COMPANY,
MATCO TOOLS, SNAP-ON TOOLS COMPANY,
TOOLS USA AND EQUIPMENT COMPANY and MAC TOOLS,

Defendants-Cross Appellants,

and

ATC PRODUCTS, INC.,

Defendant.

David L. Hildebrand, of Denver, Colorado, pro se.

Charles F. Shane, Bieser, Greer & Landis, LLP, of Dayton, Ohio, for defendants-cross appellants.  With him on the brief was David C. Greer.

Appealed from:  United States District Court for the District of Colorado

Judge Alan B. Johnson

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-1120, -1162

DAVID L. HILDEBRAND,

Plaintiff-Appellant,

v.

STECK MANUFACTURING COMPANY, INC.,
CORNWELL QUALITY TOOLS COMPANY,
MATCO TOOLS, SNAP-ON TOOLS COMPANY,
TOOLS USA AND EQUIPMENT COMPANY and MAC TOOLS,

Defendants-Cross Appellants,

and

ATC PRODUCTS, INC.,

Defendant.

_____

DECIDED:  May 17, 2007

_____

Before MICHEL, <u>Chief Judge</u>, MAYER and GAJARSA, <u>Circuit Judges.</u>

PER CURIAM.

David L. Hildebrand appeals the judgment of the United States District Court for the District of Colorado based on a jury verdict finding defendant Steck Manufacturing Co. ("Steck") liable for non-willful infringement of U.S. Patent No. 5,737,981 ("the '981

patent") and awarding him $74,863 in lost profit damages. Steck cross-appeals from the district court's refusal to rule as a matter of law that the '981 patent was anticipated by U.S. Patent No. 1,127,836 ("the '836 patent"), and obvious in light of the prior art. Hildebrand v. Steck Manuf. Co., 395 F. Supp. 2d 1036 (D. Colo. 2005). We affirm.

The '981 patent was not anticipated by the '836 patent, which discloses a device used to screw in bolts, whereas the '981 patent discloses a device used to remove bolts and similar threaded connecting devices. As for obviousness, the district court found this matter a close call but we do not believe it was error to let it go to the jury. Steck failed to carry its burden to convince the jury by clear and convincing evidence that the '981 patent was obvious.

The jury's finding of non-willful infringement was supported by substantial evidence. Moreover, while Hildebrand reargues the issue of lost profits here, he fails to assert any valid reason why the jury's finding should be adjusted. The jury's decision not to award reasonable royalties also is unobjectionable, especially because the damage award was adequate to compensate for the harm actually caused by the infringement.

Hildebrand's myriad procedural arguments also fail. The trial court did not abuse its discretion by not requiring the distributor defendants to appear at trial, refusing to let Hildebrand amend his complaint after the trial had begun, excluding documents that Hildebrand did not attempt to produce until after discovery was complete, or allotting each side one hour for their closing arguments. Further, there was no harmful error in the jury instructions used by the trial court. Its decision not to award pre-judgment interest or attorney's fees was similarly not an abuse of its discretion. Finally, it was not

error for the trial court to deny Hildebrand's motion to recuse, which was made only one business day before the scheduled start of the trial.