NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1047

DAVID L. HILDEBRAND,

Plaintiff-Appellant,

v.

STECK MANUFACTURING COMPANY, INC.,
CORNWELL QUALITY TOOLS COMPANY,
MATCO TOOLS, SNAP-ON TOOLS COMPANY,
TOOLS USA AND EQUIPMENT COMPANY and MAC TOOLS,

Defendants-Appellees,

and

ATC PRODUCTS, INC.,

Defendant.

David L. Hildebrand, of Denver, Colorado, pro se.

Charles F. Shane, Bieser, Greer & Landis, LLP, of Dayton, Ohio, for defendants-appellees. With him on the brief was David C. Greer.

Appealed from: United States District Court for the District of Colorado

Judge Lewis T. Babcock

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1047

DAVID L. HILDEBRAND,

Plaintiff-Appellant,

v.

STECK MANUFACTURING COMPANY, INC.,
CORNWELL QUALITY TOOLS COMPANY,
MATCO TOOLS, SNAP-ON TOOLS COMPANY,
TOOLS USA AND EQUIPMENT COMPANY and MAC TOOLS,

Defendants-Appellees,

and

ATC PRODUCTS, INC.,

Defendant.

Appeal from the United States District Court for the District of Colorado in case no. 02-CV-01125, Judge Lewis T. Babcock.

_____

DECIDED: September 8, 2008

_____

Before MICHEL, <u>Chief Judge</u>, MAYER, <u>Circuit Judge</u> and STEARNS, <u>District Judge</u>*.

PER CURIAM.

David L. Hildebrand appeals orders of the United States District Court for the

_____

* The Honorable Richard G. Stearns, District Judge, United States District Court of Massachusetts, sitting by designation.

District of Colorado denying his motion for relief from judgment and his application for attorney fees and costs. See Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-LTB, 2007 U.S. Dist. LEXIS 61508 (D. Colo. Aug. 15, 2007); Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-LTB, 2007 U.S. Dist. LEXIS 58949 (D. Colo. Aug. 10, 2007). We affirm.

On October 28, 2005, a jury found that Hildebrand's U.S. Patent No. 5,737,981 had been infringed by products manufactured by Steck Manufacturing Company, Inc., Cornwell Quality Tools Company, Matco Tools, Snap-On Tools Company, Tools USA and Equipment Company, and Mac Tools (collectively "Steck"). The jury determined that Steck's infringement was not willful and awarded Hildebrand $74,863 in lost profit damages. The court entered judgment on the jury verdict on November 4, 2005, and ordered that the parties proceed according to District of Colorado Local Rule 54.1 regarding the taxation of costs and that Hildebrand submit, within 30 days, an application for attorney fees pursuant to District of Colorado Local Rule 54.3.

In December 2005, Hildebrand and Steck cross-appealed to this court.[1] We affirmed, holding that the jury's finding of non-willful infringement was supported by substantial evidence and that the damages award was adequate to compensate Hildebrand for any harm caused by the infringement. See Hildebrand v. Steck Mfg. Co., Inc., 232 Fed. Appx. 985 (Fed. Cir. 2007) (hereinafter "Hildebrand II"). Subsequently,

---

[1] This was the second occasion that Hildebrand and Steck had come before this court. When the parties were here the first time, the issue was whether the United States District Court for the Southern District of Ohio had jurisdiction over the dispute. See Hildebrand v. Steck Mfg. Co., 279 F.3d 1351 (Fed. Cir. 2002) (hereinafter "Hildebrand I"). We concluded that the Ohio district court had no jurisdiction to decide the case because Hildebrand was not an Ohio resident and his contacts with Ohio did "not create a constitutionally adequate basis for personal jurisdiction." Id. at 1356.

the district court issued orders that denied Hildebrand's motion for relief from judgment under Fed. R. Civ. P. 60(b) and his application for attorney fees and costs. Hildebrand then sought reconsideration of these orders, but his request for reconsideration was denied.

Hildebrand timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

Because the issue of whether to award costs to a prevailing party is a procedural matter not unique to patent law, we apply the law of the appropriate regional circuit. Kohus v. Cosco, Inc., 282 F.3d 1355, 1357 (Fed. Cir. 2002). In the Tenth Circuit, an order denying costs is reviewed for an abuse of discretion. Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1170 (10th Cir. 2000); Klein v. Grynberg, 44 F.3d 1497, 1506 (10th Cir. 1995).

The district court did not abuse its discretion in denying Hildebrand his costs. The court's November 4, 2005 judgment clearly and unambiguously specified that to recover costs Hildebrand had to comply with District of Colorado Local Rule 54.1. That rule requires the party seeking costs to file a bill of costs within ten days after the entry of judgment or final order.[2] Since Hildebrand filed his application for costs more than a month after the entry of judgment in his favor, the district court properly concluded that his application was untimely. See Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337

---

[2] In pertinent part, Local Rule 54.1 provides:

> Each judgment or final order shall indicate which party or parties are entitled to costs. A bill of costs must be filed on the form provided by the court within ten days after entry of the judgment or final order.

D.C. Colo. L. R. 54.1 (emphasis added).

F.2d 888, 891 (10th Cir. 1964) ("A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs.").

On appeal, Hildebrand argues that the district court extended the filing deadline for his bill of costs. Specifically, he points to an October 26, 2005 statement from District Court Judge Alan B. Johnson informing Hildebrand that if he prevailed, he would be given "30 days to file [his] Bill of Costs with the clerk of court." Even accepting that Hildebrand was given 30 days to file for costs, however, his December 5, 2005 application still would have been untimely since it was filed more than 30 days after the October 28, 2005 jury verdict in his favor. The district court, therefore, did not abuse its discretion in denying Hildebrand's application for costs.

Nor did the district court err in determining that Hildebrand was not entitled to an award of attorney fees. See Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1367 (Fed. Cir. 2007) (Whether a case is exceptional for purposes of awarding attorney fees is "a factual determination reviewed for clear error."). A district court has authority to award reasonable attorney fees to a prevailing party in "exceptional cases." 35 U.S.C. § 285. "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). Here, the jury found that that Steck's infringement was not willful, and this finding was affirmed on appeal. See Hildebrand II, 232 Fed. Appx. at 986. While Hildebrand vigorously asserts that Steck engaged in litigation misconduct, he fails to establish clear error in the district

court's conclusion to the contrary. Without a doubt, the lengthy dispute between Steck and Hildebrand has been strident, resulting in significant costs to both sides. After reviewing the record, however, we see no error in the district court's conclusion that Steck's claims and defenses were not frivolous and that the award of attorney fees under 35 U.S.C. § 285 was therefore unwarranted. The fact that Steck ultimately decided not to pursue some of the counterclaims it originally asserted does not establish that those counterclaims were baseless or that Steck asserted them in bad faith.

Hildebrand argues that the fact that this court, in 2002, rejected Steck's contentions that the district court in Ohio had authority to exercise jurisdiction over the dispute, see Hildebrand I, 279 F.3d at 1355-56, establishes that Steck's arguments regarding jurisdiction were "frivolous and vexatious as a matter of law." We disagree. Although this court ultimately concluded that the Ohio district court was without authority to exercise jurisdiction, Steck's arguments in support of jurisdiction had a reasonable basis and there is nothing to indicate that they were asserted in bad faith.

Finally, we turn to the district court's order denying Hildebrand's motion for relief from judgment. Motions seeking relief from judgment under Fed. R. Civ. P. 60(b)(2) and 60(b)(3) must "be made within a reasonable time," but never "more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)[3]; Tool Box, Inc. v. Ogden City Corp., 419

---

[3] In pertinent part, Rule 60 provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

F.3d 1084, 1088-89 (10th Cir. 2005). Hildebrand has not established that it was reasonable for him to wait until November 6, 2006 to file his motion or that circumstances beyond his control prevented him from filing at an earlier time. Cummings v. Gen. Motors Corp., 365 F.3d 944, 954 (10th Cir. 2004) (noting that Rule 60(b) motions must be filed within a reasonable time, and not merely within one year of entry of judgment).

Furthermore, Hildebrand fails to appreciate that a motion seeking relief from judgment under Rule 60(b) is "clearly not a substitute for appeal" and must involve "matters outside the issues raised and considered by the court in reaching its judgment." Brown v. McCormick, 608 F.2d 410, 413 (10th Cir. 1979). While Hildebrand alleges that Steck engaged in fraud before the United States Patent and Trademark Office and the district court, and that its brief before this court contains "lies," he fails to produce the clear and convincing evidence necessary to substantiate his allegations.

---

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60 (emphasis added).

See Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005) (A party seeking to rely on Rule 60(b)(3) must produce clear and convincing proof of fraud.). Moreover, although Hildebrand points to what he believes are deficiencies in the jury verdict, Rule 60(b) is not designed to allow a litigant to rehash arguments which have previously been considered and rejected. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider." (quotations and citations omitted)). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). No such exceptional circumstances are present here.