NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1493, 2009-1048

DAVID L. HILDEBRAND,

Plaintiff-Appellant,

v.

STECK MANUFACTURING COMPANY, INC.,
CORNWELL QUALITY TOOLS COMPANY,
MATCO TOOLS, SNAP-ON TOOLS COMPANY,
TOOLS USA AND EQUIPMENT COMPANY and MAC TOOLS,

Defendants-Appellees,

and

ATC PRODUCTS, INC.,

Defendant.

David L. Hildebrand, of Denver, Colorado, pro se.

Charles F. Shane, Bieser, Greer & Landis, LLP, of Dayton, Ohio, for defendants-appellees.

Appealed from:  United States District Court for the District of Colorado

Senior Judge Lewis T. Babcock

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1493, 2009-1048

DAVID L. HILDEBRAND,

Plaintiff-Appellant,

v.

STECK MANUFACTURING COMPANY, INC.,
CORNWELL QUALITY TOOLS COMPANY,
MATCO TOOLS, SNAP-ON TOOLS COMPANY,
TOOLS USA AND EQUIPMENT COMPANY and MAC TOOLS,

Defendants-Appellees,

and

ATC PRODUCTS, INC.,

Defendant.

Appeal from the United States District Court for the District of Colorado in case no. 02-CV-01125, Senior Judge Lewis T. Babcock.

_____

DECIDED:   May 7, 2009

_____

Before MAYER, LOURIE, and GAJARSA, Circuit Judges.

PER CURIAM.

David L. Hildebrand appeals orders of the United States District Court for the District of Colorado denying his motions seeking: (1) relief from clerical error under Fed. R. Civ. P. 60(a), (2) relief from judgment under Fed. R. Civ. P. 60(b), and (3) pre-

judgment interest. See Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-LTB (D. Colo. Sept. 23, 2008); Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-LTB (D. Colo. Sept. 10, 2008); Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-LTB (D. Colo. July 7, 2008); Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-LTB (D. Colo. June 23, 2008). We affirm.

On October 28, 2005, a jury found that Hildebrand's U.S. Patent No. 5,737,981 had been infringed by products manufactured by Steck Manufacturing Company, Inc., Cornwell Quality Tools Company, Matco Tools, Snap-On Tools Company, Tools USA and Equipment Company, and Mac Tools (collectively "Steck"). The jury determined that Steck's infringement was not willful and awarded Hildebrand $74,863 in lost profit damages. On appeal this court affirmed, concluding that the jury's verdict was supported by substantial evidence and that the damages award was adequate to compensate Hildebrand for any harm caused by the infringement. See Hildebrand v. Steck Mfg. Co., Inc., 232 Fed. Appx. 985 (Fed. Cir. 2007) (hereinafter "Hildebrand I"). We also determined that the district court's decision not to award pre-judgment interest was not an abuse of its discretion. Id. at 986-87.

Subsequently, Hildebrand filed motions in the district court seeking attorney fees, costs and relief from judgment under Fed. R. Civ. P. 60(b). After the district court denied these motions, Hildebrand again appealed to this court. We affirmed, holding that: (1) there were no exceptional circumstances warranting relief from judgment under Rule 60(b), (2) the district court properly rejected Hildebrand's application for costs since it was untimely filed, and (3) the district court did not err in refusing to award

attorney fees since there was no finding of willful infringement.  See Hildebrand v. Steck

Mfg. Co., Inc., 292 Fed. Appx. 921 (Fed. Cir. 2008) (hereinafter "Hildebrand II").

Hildebrand then returned to the district court, this time filing motions seeking pre-judgment interest and relief from clerical error.  After these motions were denied, Hildebrand filed motions under Rule 60(b), arguing that the district court's judgments refusing to award attorney fees and pre-judgment interest should be set aside.  The district court denied the Rule 60(b) motions and imposed sanctions, ordering Hildebrand to pay all attorney fees incurred by Steck in responding to the motion for relief from judgment on the decision to deny attorney fees.

Hildebrand then timely appealed to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

We review the denial of post-trial motions by applying the law of the appropriate regional circuit.  See Koito Mfg. Co., Ltd v. Turn-Key Tech, LLC, 381 F.3d 1142, 1148 (Fed Cir. 2004).  In the Tenth Circuit, the denial of a Rule 60 motion is reviewed for abuse of discretion.  Morris v. Adams-Millis Corp., 758 F.2d 1352, 1357 (10th Cir. 1985).

Under Fed. R. Civ. P. 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."  According to Hildebrand, the district court made a clerical error when it assigned a docket number to his case.  Hildebrand filed his original 1998 infringement action in Colorado, but the suit was subsequently transferred to Ohio.  After an appeal to this court, however, the case was transferred back to Colorado and assigned a new docket number.  Hildebrand contends that the transferred case should have been assigned the same docket number

as his original case. Even assuming arguendo that a docketing error occurred, however, Hildebrand fails to establish that he suffered prejudice as a result of it. The district court did not limit Hildebrand to damages incurred after 2002, the year in which the case was assigned a new docket number in Colorado. Hildebrand, therefore, fails to establish that the district court abused its discretion in denying his motion for relief from clerical error under Rule 60(a).

Hildebrand also argues that the district court erred in denying his Rule 60(b) motions seeking relief from the judgments denying him attorney fees and costs. This argument is frivolous. In Hildebrand II, this court considered and rejected Hildebrand's argument that the district court erred in denying him fees and costs. 292 Fed. Appx. at 923-24. Since the judgments denying fees and costs had been affirmed by this court— and Hildebrand produced no new evidence to justify setting aside these judgments— Hildebrand had no reasonable basis for bringing his Rule 60(b) motions. As we explained in Hildebrand II, "Rule 60(b) is not designed to allow a litigant to rehash arguments which have previously been considered and rejected." Id. at 925; see also Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court.").

The district court also properly denied Hildebrand's motion for pre-judgment interest. On November 4, 2005, the district court entered final judgment after a jury trial. Although Hildebrand was awarded post-judgment interest, he was not awarded pre-judgment interest. See Hildebrand v. Steck Mfg. Co., No. 02-CV-01125-ABJ-OES, slip op. at 4-5 (D. Colo. Nov. 4, 2005). Because Hildebrand failed to bring his motion

seeking pre-judgment interest until May 29, 2008, approximately two and one-half years after the district court entered final judgment, his motion was untimely.[*]

We have considered Hildebrand's remaining arguments but find them unpersuasive.

---

[*] In <u>Hildebrand I</u>, this court held that the trial court's decision to not award pre-judgment interest was not an abuse of discretion. 232 Fed. Appx. at 986-987. Hildebrand argues that this court should not have ruled on the pre-judgment interest question since the district court had not made a final determination on that issue. We disagree. As noted previously, although the district court awarded post-judgment interest, it did not award pre-judgment interest, and we can therefore assume that the court made a final determination that an award of pre-judgment interest was unwarranted.